Francis X. Conlon, J.
Defendants move for dismissal of the complaint for legal insufficiency. The action is in libel. Plaintiff has been engaged for many years in the business of maintaining a resident buying office representing numerous clients throughout the country in assisting them in the buying of merchandise required in their businesses. The publication complained of is as follows:
‘ ‘ This is to inform you that in view of the incredibly unethical, and low-handed activities of the Jack Braunstein office in Advertising, Promoting and Soliciting the sale of oleg cassini, inc. copies, pending a possible legal action against this office, we have barred them from our Showroom.
“ This action of our naturally involves the Jack Braunstein office only, and not any of our loyal accounts. Therefore, we wish to inform you that whereas as stated above the office is forbidden from transacting any business with us, you individ *292 ually are welcome to visit our Showroom, place your orders, and follow up by correspondence or otherwise.”
It is contended that the publication is not libelous per se against the plaintiff corporation, since it does not directly affect its credit or the management of its business nor occasion pecuniary loss and, in the absence of an allegation of special damage, the complaint is deficient. The charges of unethical and low-handed activities in the context of the article have a tendency to hurt and to prejudice the plaintiff’s business (Tex Smith, Inc. v. Godfrey, 198 Misc. 1006).
The attack on the plaintiff’s business methods is sufficient to ground a cause of action in libel per se on behalf of the plaintiff corporation, without the statement of special damage (Philipp Co. v. New Yorker Staats-Zeitung, 165 App. Div. 377).
The motion is denied.