Louis B. Heller, J.
In this action to cancel mortgages of record and to compel defendant Title Guarantee Company upon the cancellation of said mortgages to turn over to plaintiff $6,500 held by it nnder a “ Receipt and Deposit Agreement ” hereinafter called ‘ ‘ escrow agreement ’ ’, plaintiff moves for partial summary judgment dismissing so much of the cross claim \_sio] interposed by the title company as seeks judgment for legal expenses incurred in a previous proceeding brought by plaintiff against it and for legal expenses incurred in the defense of this action.
The said defendant was employed to examine and insure the purchaser’s title to premises upon a conveyance by plaintiff to one Murray Scheehter. Upon examination of title it was found, that the premises were incumbered by two mortgages, one in the amount of $3,500 and another in the amount of $5,000. The purchaser refused to take title and defendant refused to insure title unless the mortgages were discharged of record. To induce the defendant to insure title plaintiff agreed that she would immedi *39 ately undertake the discharge of record of said mortgages and if necessary would institute legal proceedings to obtain the discharge. To insure such performance plaintiff deposited with defendant the sum of $6,500, to be held and applied by it upon the terms and conditions set forth in the escrow agreement.
The defendant alleges that it was always willing to pay over the money under the conditions of the escrow agreement. However plaintiff did not fulfill such conditions and in violation of the agreement caused the title company to be impleaded as a party defendant in a proceeding wherein plaintiff unsuccessfully sought to compel the title company to repay portions of said escrow funds to her and to compel it to deposit the balance of the funds into a savings bank prior to and without the discharge of said mortgages; that by reason of such conduct it became necessary for the title company to incur substantial expenses, disbursements and counsel fees; that such expenses and counsel fees are a charge under the escrow agreement; and that the expenses and counsel fees in this action are also a charge under the escrow agreement.
The escrow agreement, as far as pertinent herein, provides as follows: “ Depositor agrees to pay, on demand, any deficiency and to hold Depositary harmless from any loss it may sustain by reason of the failure of Depositor to perform all the covenants and conditions hereof.”
Q-enerally, legal expenses incurred in an action are not recoverable as special or general damages (Doyle v. Allstate Ins. Co., 1 N Y 2d 439, 444; 1 Clark, New York Law of Damages, § 145). Similarly, legal expenses incurred in a prior action between the parties are not recoverable in a subsequent suit even though the result of being cast in the action was caused by the wrongful act of the opposing party (Rosenzweig Trading Co. v. Feinstein, 103 N. Y. S. 2d 515), However, in actions involving malicious prosecution and false arrest, and in those actions wherein it is so provided by statute or contract, the recovery of counsel fees and expenses is permitted (Doyle v. Allstate Ins. Co., supra).
In Robbins v. Melbrook Realty Co. (28 Misc 2d 1076, 1077-1078) the court considered whether or not counsel fees were allowable under a contract of the parties which provided that the obligor ‘ ‘ shall fully indemnify and save harmless the Obligee from all cost and damage they may suffer by reason of failure so to do and shall fully reimburse and repay to the Obligee all outlay and expense which the Obligee may incur in making good any such default ’ In concluding that counsel fees were not allowable, the court said (p. 1079) that the foregoing provision was “not intended to include legal expenses, but rather ‘the *40 usual and ordinary damages resulting from a breach of contract.’ (Federal Sur. Co. v. Basin Constr. Co. [91 Mont. 114].) ”
The provisions of the escrow agreement herein are apposite to the quoted provisions in the Bobbins case and, similarly, I conclude that it was not intended by the parties that legal expenses shall be included as damages. The motion is accordingly granted.