ROSE BERMAN, Respondent, *v.* MEDICAL SOCIETY OF THE STATE OF NEW YORK et al., Appellants, et al., Defendants.

First Department, April 22, 1965.

*Edward Brodsky* of counsel (*Goldstein & Gurfein* and *Martin, Clearwater & Bell,* attorneys), for appellants.

*John S. Zachary* for respondent.

*Per Curiam.* Plaintiff, a medical biologist, charges that she was libeled in a report prepared by the individual defendants (not here appealing) through an arrangement with defendant-appellant, the Roussel Corporation (Roussel) and, in her first cause of action, seeks damages of $50,000. In plaintiff's second cause of action for conspiracy she seeks damages of $200,000, alleging Roussel and the individual defendants conspired to damage plaintiff's reputation and credit by publication of the report. The report in question was prepared by the individual defendants, three doctors, and presented to the New York section on obstetrics and gynecology of the Medical Society of the State of New York (Society) at its 155th annual meeting in May, 1961. The report was published afterwards in a medical journal.

The report, entitled "A Novel Test for Pregnancy", purports to give the result of certain studies and tests made by the individual defendants in experimenting with Pro-Duosterone (P-D), a product prepared by Roussel, contrasted with the results of the Ascheim-Zondek (AZ) test, as modified by the development of a process to which plaintiff contributed, which were performed upon the same patients. It may be noted the only possible reference to plaintiff directly appears in a reference to the "AZ" (Ascheim-Zondek) test (Frank-Berman modification) which appears several times in the article. Reading the report in its entirety, considering the language in its ordinary meaning, it contains nothing which is naturally and proximately injurious to plaintiff's reputation, ability or credit (*O'Connell* v. *Press Pub. Co.,* 214 N. Y. 352, 358), nor does it charge plaintiff with fraud, deceit or unethical practices, nor in anywise impugn plaintiff's integrity. At most the article makes claim that a particular test for pregnancy in the controlled experiment was found more accurate than another.

The article when fairly read does not concern the plaintiff, but refers to a test to which she made some contribution. In this respect the test may be analogized to a product. Even a liberal reading of the article, and a like construction of the

pleading, do not place plaintiff within reach of the allegedly offending language. This is not enough (*Drug Research Corp.* v. *Curtis Pub. Co.*, 7 N Y 2d 435). When the article is not libelous per se special damages must be pleaded (*O'Connell* v. *Press Pub. Co., supra*). Round figures of claimed damage as cited above, "with no attempt at itemization, must be deemed to be a representation of general damages (see Seelman, Law of Libel and Slander in the State of New York [1933], p. 388)." (*Drug Research Corp.* v. *Curtis Pub. Co., supra,* p. 441; *Harwood Pharm. Co.* v. *National Broadcasting Co.,* 9 N Y 2d 460.).

If the offending article be considered as disparagement of the quality or effectiveness of a product, i.e., the test, the first cause still must fall. Not only must it be shown there is damage proximately caused by a willfully false statement, but such special damages must be specifically pleaded (*Harwood Pharm. Co.* v. *National Broadcasting Co., supra*; *Marlin Fire Arms Co.* v. *Shields,* 171 N. Y. 384; 1 Harper and James, Torts, p. 474 *et seq.*).

Since no actionable wrong is alleged in the first cause of action, the second cause for conspiracy must fall. (See *Cuker Ind.* v. *Crow Constr. Co.,* 6 A D 2d 415.)

The order entered February 27, 1964, herein appealed from, should be reversed on the law and the complaint dismissed, with costs and disbursements to appellants.

BREITEL, J. P., VALENTE, McNALLY, STEVENS and EAGER, JJ., concur.

Order, entered on February 27, 1964, unanimously reversed, on the law, with $30 costs and disbursements to appellants, and defendants' motions to dismiss the complaint granted, with $10 costs.