Maurice Wahl, J.
The plaintiff Montgomery Ward & Company, Inc., seeks to recover in this action the sum of $1,466.47 alleging a breach of warranty by the defendant McKesson & Bobbins, Inc., who is also the third-party plaintiff herein. The amount sought represents the value of a certain drug, Begimen Tablets, a trade name. The oral complaint states in substance that such tablets were libelled by the United States Grovernment as in violation of the Pure Food and Drug Act, a Federal statute (U. S. Code, tit. 21, § 301 et seq.). It is conceded that all the Begimen Tablets in the possession of the plaintiff were seized by the United States Marshals in various United States District Courts.
The defendant, McKesson & Bobbins, Inc., a wholesale drug concern, impleaded the third-party defendant, Drug Besearch Corporation, the manufacturer of the tablets, claiming an indemnity under an agreement; and asserts as the third-party plaintiff, if its plaintiff recovers judgment against it, that like judgment be granted to it against the third-party defendant.
The third-party defendant, Drug Besearch Corporation, answering herein, alleges in addition to categorical denials of the complaint and third-party plaintiff’s complaint, an affirmative defense that in a prior action in this court (Index No. 105356/1964) the plaintiff sued the third-party defendant for the sum of $2,483.70, being the alleged value of all the Begimen Tablets manufactured by third-party defendants, and acquired and possessed by plaintiff herein, whether by direct purchase from the third-party defendant, Drug Besearch Corporation, or through the defendant McKesson & Bobbins, Inc., a distributor of said tablets. There is no corporate relationship or privity between Drug Besearch Corporation and Montgomery Ward & Company, Inc.
That direct action by plaintiff against third-party defendant, was settled for $1,000, for which plaintiff executed its general release, without any reservations against anyone else for any cause or rights.
All of the foregoing facts are stipulated by the parties herein and no dispute thereof exists. There remain but the legal disposition and determination of this suit, and the issue involved is *531 whether the release to Drug Research Corporation bars the action against McKesson & Robbins, Inc.
Essentially, a purchaser of a product under a trade or patent name receives no implied warranty of fitness of use for any particular purpose (Personal Property Law, § 96, subd. 4; see, now, Uniform Commercial Code, § 2-315, eff. Sept. 27, 1964).
Were this the sole basis of recovery the petitioner would be out of court. However under subdivision 2 of section 96 of the Personal Property Law (see, now, Uniform Commercial Code, § 2-314) there survives the implied warranty that the goods be of merchantable quality, a fact belied herein, of course, by the governmental seizure as violative of the Pure Food and Drug Act.
However as that may be, the plaintiff Montgomery Ward & Company, Inc., has destroyed any right of recovery herein by its own and voluntary act by releasing, without reservation all its rights to recover the full value of the tablets purchased, viz., $2,483.70, for the $1,000 settlement against the third-party defendant, the manufacturer of said tablets.
The plaintiff had but one cause of action for recovery. It asserted it, settled it, and released it. It cannot now reconstitute it as against the distributing wholesaler, McKesson & Robbins, Inc., because that would permit the prosecution of a split cause of action, which is not allowable under the law (CPLR 3014; Theodore v. News Syndicate Co., 169 Misc. 136; Silberstein v. Begun, 232 N. Y. 319). Whatever damages plaintiff claimed, indeed the entire purchase value of $2,483.70, was asserted against the manufacturer and was embraced into the liquidation value by settlement for the $1,000.
This reasoning is equally applicable whether the claim is considered as sounded in tort or contract. Certain it is, that if it be in tort, then the release, without reservation, of one joint tort-feasor, releases all of them. The defendant McKesson & Robbins, Inc., violated no duty owed plaintiff, if sounded in tort, as the plaintiff purchased a trade-name or patented article as such and relied thereon and not on what the defendant McKesson & Robbins said or did. The intervention of the Government seizure, as violative of the Pure Food and Drug Act, was premised upon the manufacturer’s act, not the distributor’s.
Under Randy Knitwear v. American Cyanamid Co. (11 N Y 2d 5) whatever vestige of authority remained in the fictional ‘ ‘ breach of warranty ’ ’ theory, under the facts herein, was abandoned. In truth, as a generality, the manufacturer’s liability is now an almost certainty, if defect be proven, without the cir *532 cuity or multiplicity of suits to reach the justifiable end of responsibility.
Furthermore, not unlike the rationale of res judicata (Good Health Dairy Prods. Corp. v. Emery, 275 N. Y. 14), plaintiff here had its day in court in the prior action against the manufacturer, third-party defendant herein, and thus no valid reason exists for the plaintiff to again resort for relief upon the same cause. Mutuality of estoppel is present here and this litigation terminated in all respects with the prior settlement above referred to as against the apparent malefactor. The defendant here is in the position of one against whom liability is sought to be imputed for the act of another, viz., third-party defendant.
Finally, the plaintiff had but a single cause of action against Drug Research Corporation, the manufacturer of the product, regardless of where and from whom, they were purchased. That single cause was extinguished when plaintiff, which asserted it as against the manufacturer Drug Research, accepted the $1,000 settlement thereof. It was held in Yonkers Fur Dressing Co. v. Royal Ins. Co. (247 N. Y. 435) and it is still the law that a cause of action is extinguished by the settlement and any rights thereafter rest only upon the settlement for enforcement. The plaintiff here, has extinguished its original cause of action and that extinguishment discharges all persons who may have been liable thereon. As the settlement was satisfied, nothing-remains thereafter. The plaintiff by the settlement “ lost ” its original cause of action.
The parties, namely the plaintiff Montgomery Ward & Company, Inc., and the third-party defendant, Drug Research Corporation, effected a nonjudicial burial of their claims by their settlement, and this court is unaware of any rule of law which will permit a judicial disinterment herein. Accordingly, the complaint is dismissed on the merits and judgment is rendered in favor of the defendant and third-party defendant.