■ PATRICK J. SMITH et al., Respondents, v. DORSCH-UNITED LIMB & BRACE, INC., Appellant.— In an action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Westchester County, dated December 10, 1970, which denied its motion to strike plaintiffs' statement of readiness and to compel plaintiffs to provide additional hospital record authorizations. Order modified by adding thereto, immediately after the provision therein that the motion is denied, the following: "except that it is granted to the extent of requiring the additional hospital record authorizations to be furnished." As so modified, order affirmed, without costs. The authorization shall be furnished within 10 days after service of a copy of the order to be made hereon, with notice of entry. The additional hospital records requested by defendant related to the controversy in this action. Defendant's request should have been granted pursuant to CPLR 3121 (subd. [a]). Hopkins, Acting P. J., Munder, Shapiro, Brennan and Benjamin, JJ., concur.

■ ABRAHAM H. SPILKY, Appellant, v. LUCY M. DATRI, Respondent.— In a libel action, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered January 22, 1971 after a nonjury trial, in favor of defendant. Judgment affirmed, without costs. No opinion. Munder, Acting P. J., Latham and Gulotta, JJ., concur; Shapiro, J., dissents and votes to reverse the judgment and grant a new trial, with the following memorandum, in which Christ, J., concurs: In August, 1966 defendant distributed 18 or 19 copies of a letter to persons residing on the same street as did plaintiff. Some of those persons were not personally known to defendant. The letter, in pertinent part reads: "Mr. Spilky has forced us to consult lawyers (costing us needless time and expense) in order to try to force him to give us what rightfully belongs to us. Some of my Jewish neighbors tell me that he belongs to the same congregation as they do and that he is supposed to be a very religious man. How religious can he be if he goes to Temple on Saturday and cheats people every other day of the week. These same people have suggested that I talk to his Rabbi or contact the Jewish Arbitration Board. I have never asked for, nor received, anything for nothing in my whole life but I have begged this man to give us what is ours. Our investment represents all we have. Perhaps Mr. Spilky has unlimited funds but our funds are very limited, limited in fact to just what is necessary to take over these houses. He is supposed to be an accountant turned lawyer. What kind of lawyer is he if he chooses to ignore the very laws he is supposed to respect and uphold?" In its decision, the Trial Term found that defendant's statements were understandable cries of anguish. It found for defendant on the ground that, *as a matter of law*, the statements were not libelous per se. I disagree. The language used by defendant was clearly intended to prejudice plaintiff in his profession as a lawyer or accountant and is, therefore, actionable (*Moore* v. *Francis*, 121 N. Y. 199, 204). As the letter charged plaintiff with a total disregard of business and professional ethics, it was libelous per se (cf. *Kleeberg* v. *Sipser*, 265 N. Y. 87; *November* v. *Time Inc.*, 13 N Y 2d 175; *Mason* v. *Sullivan*, 26 A D 2d 115). I would therefore reverse the judgment and grant a new trial.