■ In the Matter of MICHAEL KOSTYRKA, Appellant, et al., Petitioners, v. VILLAGE OF LYNBROOK et al., Respondents — (And Another Title.) In proceedings inter alia (1) to validate petitions nominating appellant and a copetitioner, Jeanette P. Kostyrka, as candidates of the Stray Eagle Party in the village election to be held on March 18, 1975 for certain public offices in the Village of Lynbrook, namely, appellant for trustee and said copetitioner for mayor, and (2) to invalidate petitions nominating respondent Becker for mayor and respondents Buzzeo, Arndt ·and Leeds for trustees, candidates of the Lynbrook Independent Party, Inc., the appeal is from a judgment of the Supreme Court, Nassau County, entered March 12, 1975, which dismissed the petition in the proceedings. Judgment affirmed, without costs. No opinion. Rabin, Acting P. J., Martuscello, Christ and Benjamin, JJ., concur.

■ ALEX A. BOHM, Respondent-Appellant, v. ERNEST HOLZBERG et al., Appellants-Respondents.— In an action for abuse of process, the parties cross-appeal from an order of the Supreme Court, Westchester County, dated January 7, 1974, as follows: (1) defendants appeal, as limited by their brief, from so much of the order as, upon reargument, adhered to a prior determination which denied their motion for summary judgment and (2) plaintiff appeals from so much of the order as denied his cross motion for summary judgment. Order modified, on the law, by deleting therefrom the provision that, upon reargument, the prior determination is adhered to and substituting therefor a provision that, upon reargument, defendants' motion for summary judgment is granted and the complaint is dismissed. As so modified, order affirmed insofar as appealed from, without costs. We agree with defendants that, even if it be assumed that they were motivated by malice in issuing the garnishee execution based on defendant Holzberg's judgment against plaintiff entered in the Civil Court of the City of New York, New York County, on May 8, 1972, for $1,197.40, nevertheless, since that process was not perverted to a purpose outside of that for which it was intended, an action for abuse of process does not lie (Hauser v. Bartow, 273 N. Y. 370, 374; see 1 Harper & James, Law of Torts, § 4.9, p. 331). Further, giving plaintiff the benefit of every favorable inference which can be drawn from his allegations, the complaint does not set forth facts which show a prima facie tort. A cause of action must be judged by its allegations, not its label. Plaintiff's allegations contain no mention of special damage, but only of alleged compensatory and punitive damages. The law is clear that a cause of action for prima facie tort must contain a statement of reasonably identifiable losses sustained by the plaintiff, i.e., only actual or special damages can be recovered (Walsh Bros. v. Ruppert, 7 A D 2d 896). Here, the complaint contains no such allegation and thus should have been dismissed (see Holt v. Columbia Broadcasting System, 22 A D 2d 791). We note, in passing, that this appeal is the latest stage in litigation which has obsessed these parties, all attorneys, since 1970. As far back as July, 1972, a Civil Court Judge expressed the hope that " this unseemly dispute between counsel may be brought to an end ". However, the parties, who should know better, rather than resolving their differences have instead cluttered the courts with their vendetta. While not passing judgment at this time, we call their attention to canon 30 of the Canons of Professional Ethics adopted by the New York State Bar Association, which proscribes litigation " intended merely to harass or injure the opposite party ". Cohalan, Acting P. J., Christ, Brennan, Munder and Shapiro, JJ., concur.