■ A. ANTHONY MILLER et al., Respondents, v JAMAICA SAVINGS BANK, Appellant.—In an action, *inter alia,* to recover damages for fraud, defendant appeals from so much of an order of the Supreme Court, Nassau County, dated April 18, 1975, as denied so much of its motion as sought dismissal of the first and second causes of action asserted in the complaint. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and so much of defendant's motion as sought dismissal of the first and second causes of action granted. The complaint alleges in substance that the defendant mortgagee received and improperly rejected plaintiffs' prior tender of "all sums properly due" and then improperly brought a mortgage foreclosure action against them. As a first cause of action, the complaint alleges that defendant acted maliciously and without probable cause and the mortgage foreclosure action terminated in favor of plaintiffs. As a second cause of action, the complaint alleges that defendant's acts were "part of a scheme of fraud". The record shows that the action of which plaintiffs complain was settled. The defaults were cured and defendant withdrew its election to accelerate the payment of the principal. As part of the settlement, the following stipulation of discontinuance was entered into: "It is Hereby Stipulated and Agreed by and between * * * attorneys for the Plaintiff herein, and * * * attorneys for the defendants * * * herein, that the above entitled action be and the same hereby is discontinued without costs in favor of any party." Since the propriety of defendant's rejection of plaintiffs' check was an issue in the prior foreclosure action which terminated by settlement, that issue may not become the basis for a new suit between the parties (cf. *Yonkers Fur Dressing Co. v Royal Ins. Co.,* 247 NY 435; *Montgomery Ward & Co. v McKesson & Robbins,* 55 Misc 2d 529). The cause sounding in fraud must therefore be stricken from the complaint. Further, the cause of action for malicious prosecution does not lie since the foreclosure action of which plaintiffs complain was discontinued by agreement entered into by both parties to this action (see *Pagliarulo v Pagliarulo,* 30 AD2d 840). On the record, there is no cause of action for abuse of process (see *Bohm v Holzberg,* 47 AD2d 764; cf. *Pagliarulo v Pagliarulo, supra).* In a cause of action for prima facie tort the complaint must allege special damages, as only actual or special damages can be recovered *(Susskind v Ipco Hosp. Supply Corp.,* 49 AD2d 915; *Bohm v Holzberg, supra).* The complaint in this action alleges as special damages only the cost of defending the prior foreclosure action. The expense of defending against prior proceedings is not recoverable, except under circumstances which are not present here (see *Gorman v Kings Mercantile Co.,* 36 Misc 2d 38). Martuscello, Acting P. J., Cohalan, Christ, Munder and Shapiro, JJ., concur.