FIRST DEPARTMENT, JANUARY, 1980

(January 3, 1980)

■ HERBERT L. ISAACS, as Executor of JEROME J. ISAACS, Deceased, Respondent, v INTERBORO MUTUAL INDEMNITY INSURANCE COMPANY et al., Appellants.—Order, Supreme Court, New York County, entered April 11, 1979, denying defendants' motion to dismiss the second cause of action, reversed, on the law, and motion granted, without costs. In the first cause of action, plaintiff seeks to recover $1,300 under a limited medical expense policy that covered the decedent on the date of his death. The policy covered "all indemnities" in eight enumerated areas. Prior to the commencement of this action, defendants had offered the plaintiff $384 in settlement of his claim on behalf of the estate. Immediately after the commencement of this suit, plaintiff was offered an additional $369. Thus, a balance of $547 is actually in dispute under the first cause. In the second cause, plaintiff requests punitive damages of $500,000 for defendants' failure to make timely payment under the policy. Parenthetically, it should be observed that only four months passed between plaintiff's claim and his commencement of this action. Defendants' motion for summary judgment dismissing the second cause should have been granted. First, no separate cause of action exists for punitive damages which are but an incident of damages. *(Liffman v Booke,* 59 AD2d 687.) Second, punitive damages are not awarded routinely for breach of contract. Plaintiff did not make any extraordinary showing that the defendants acted with a disingenuous or dishonest failure to carry out the subject contract. Hence, the plaintiff did not probatively establish any "bad faith" on defendants' part. *(Gordon v Nationwide Mut. Ins. Co.,* 30 NY2d 427, 437.) Third, the dispute presents a "good faith" difference of opinion as to the meaning and scope of the policy. In particular, the parties disagree as to the import of the contractual term "all indemnities". Furthermore, an issue is raised as to whether inhalation therapy is covered under the enumerated provision permitting indemnification for the cost of oxygen.

A factual question is also presented as to whether the hospital double billed for the blood supplied the decedent. In short, the record is devoid of any evidence of misconduct that would support a claim for punitive damages. Concur—Murphy, P. J., Kupferman, Birns, Sandler and Sullivan, JJ.