■ LILLIAN KOENIG et al., Appellants, v BANCROFT HABERDASHERS, INC., Respondent. — Order, Supreme Court, New York County, entered on March 4, 1980, conditionally granting plaintiffs' motion to strike the answer herein, unanimously modified, on the facts and in the exercise of discretion, with costs to appellants, so as to add the further condition that defendant pay costs of $500 to plaintiffs within 20 days after service of a copy of this court's order with notice of entry thereof. Upon defendant's failure to comply with the conditions imposed herein and by Special Term, said order is unanimously modified, on the law, the facts and in the exercise of discretion, and the motion to strike defendant's answer unconditionally granted, with costs to appellants. It is clear that defendant has engaged in unnecessary and apparently deliberate delaying tactics. Hence, costs as indicated above are imposed. Concur — Kupferman, J.P., Carro, Lupiano, Fein and Lynch, JJ.

■ WILFRED J. HALPERN, Respondent, v IRWIN SELKOW et al., Appellants, et al., Defendants. — Order, Supreme Court, New York County, entered on October 27, 1980, unanimously modified, on the law, to strike the second cause of action asserted in the complaint, and otherwise affirmed, without costs. The complaint's first cause of action is stated in sufficient detail to meet the requirements of CPLR 3016 (subd [b]). However, its allegations are restated as a second cause seeking exemplary damages. Punitive damages are "but an incident of damages," and cannot be the basis for a separate cause. *(Isaacs v Interboro Mut. Ind. Ins. Co.,* 73 AD2d 850.) The *ad damnum* clause is, accordingly, deemed amended to include the claimed exemplary damages. Concur — Birns, J.P., Markewich, Lupiano, Silverman and Bloom, JJ.