Anthony W. TEDESCHI and Lois Tedeschi, Plaintiffs,

v.

SMITH BARNEY, HARRIS UPHAM & CO., INC., Martin S. Berglas and John Maine, Defendants.

No. 81 Civ. 6938.

United States District Court, S. D. New York.

Oct. 12, 1982.

Merrill J. Chapman, New York City, for plaintiffs.

Kramer, Coleman & Rhine, New York City, for defendants; Howard I. Rhine, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

This is a diversity action [1] by Anthony Tedeschi ("Tedeschi") and his wife Lois against Smith Barney, Harris Upham & Co., Inc. ("Smith Barney"), an investment banking firm, Martin Berglas, Smith Barney's assistant general counsel, and John Maine, Smith Barney's Philadelphia branch manager. The complaint alleges six state-law causes of action. The defendants move under Rule 12(b)(6) to dismiss for failure to state a claim as to five of the six counts, and for partial summary judgment as to the remaining count.[2]

Tedeschi is a former Smith Barney broker. In July 1979 he decided to leave Smith Barney to join another investment banking house. He alleges that when defendant Maine heard of his plans, Maine threatened to sue him with respect to an amount due Smith Barney from an alleged defalcating customer ("the defalcating customer") for whom Tedeschi was the account representative. Thereafter, Smith Barney instituted an arbitration proceeding in the New York Stock Exchange seeking the amount owed by the customer from Tedeschi. In the proceeding Tedeschi denied liability and asserted counterclaims for defamation. The arbitrators dismissed both Smith Barney's claims and Tedeschi's counterclaims. Thereupon this action was commenced.

Plaintiffs' first claim is that the arbitration proceeding was instituted without probable cause, and that it was a false and malicious prosecution. In order to establish a claim for malicious prosecution, however, a plaintiff must show among other matters that there was some interference with his person or property.[3] This requirement is satisfied only if a court issues a provisional remedy, such as an attachment, an order of arrest or an injunction.[4] No such remedy was issued in connection with the arbitration proceeding. To overcome this deficiency, plaintiffs allege that an "attachment" occurred because Smith Barney withheld one of Tedeschi's paychecks for a period of time. However, this is not the interference contemplated by law; the defendants' conduct was individual and not pursuant to court order or authority. Thus plaintiffs have not stated a claim for malicious prosecution and accordingly it is dismissed.

Plaintiffs' second claim is that because Smith Barney had previously instituted an action against the defalcating customer in a New Jersey state court, it was duty bound to prosecute that claim as its sole remedy and the arbitration proceeding in which Tedeschi was named was an abuse of process. The gist of an action for abuse of process is the improper use of process after it is issued.[5] For an abuse of process claim to lie, there must be an "interference with one's person or property under color of process."[6] There was no such interference in this case. The fact that an action was instituted against the customer did not

1. The parties assume that New York law applies.

2. Defendant Maine also filed a motion to dismiss for lack of personal jurisdiction. That motion, however, was withdrawn at argument.

3. *Belsky v. Lowenthal*, 62 A.D.2d 319, 321, 405 N.Y.S.2d 62, 64 (1st Dep't 1978), *aff'd*, 47 N.Y.2d 820, 392 N.E.2d 560, 418 N.Y.S.2d 573 (1979). *See also Williams v. Williams*, 23 N.Y.2d 592, 246 N.E.2d 333, 298 N.Y.S.2d 473 (1969).

4. *Id.; Burt v. Smith*, 181 N.Y. 1, 5, 73 N.E. 495, 496 (1905), *app. dismissed*, 203 U.S. 129, 27 S.Ct. 37, 51 L.Ed. 121 (1906); *Hoppenstein v.*

*Zemek*, 62 A.D.2d 979, 403 N.Y.S.2d 542 (2d Dep't 1978); *Chappelle v. Gross*, 26 A.D.2d 340, 345, 274 N.Y.S.2d 555, 557 (1st Dep't 1966).

5. *Hauser v. Bartow*, 273 N.Y. 370, 7 N.E.2d 268 (1937); *Dean v. Kochendorfer*, 237 N.Y. 384, 143 N.E. 229 (1924).

6. *Williams v. Williams*, 23 N.Y.2d 592, 596, 246 N.E.2d 333, 335, 298 N.Y.S.2d 473, 476–77 (1969); *Kalso Systemet, Inc. v. Jacobs*, 474 F.Supp. 666, 670 (S.D.N.Y.1979).

foreclose Smith Barney from instituting the arbitration against Tedeschi, who it claimed was also liable for any loss. Smith Barney had the right to proceed against the customer or Tedeschi either jointly or individually.[7] Invoking the arbitral process (which was based upon the parties' agreement) involved no more intrusion on plaintiffs than the service of a summons in an action where one party claimed the other had breached an agreement or committed a tort. The service of such a summons is not "process" capable of being abused.[8] Moreover, plaintiffs have failed to satisfy a second element of an abuse of process claim, the allegation of actual or special damages.[9] This claim, too, is dismissed.[10]

Plaintiffs' third claim is for defamation. They contend that an unsigned document, allegedly written by defendant Maine, was libelous *per se* because it falsely stated that Tedeschi was "discharged" by Smith Barney, and that he had "questionable loyalty and ethics." These statements, made in an employment verification questionnaire, clearly referred to Tedeschi's professional habits. Defendants contend that this language is not actionable on its face, and that plaintiffs' failure to plead special damages requires the Court to dismiss the claim.

■ A writing is actionable without allegation or proof of special damages if it "tends to disparage a person in the way of his office, his profession, or trade."[11] New York courts have repeatedly held that language substantially similar to that challenged here is libelous *per se*. Thus, statements that an individual was "unethical"[12] and "low-handed"[13] have been held to be actionable without allegations or proof of special damages. There is no reason for reaching a different conclusion here. Plaintiffs' failure to plead special damages is no basis for dismissing this count.[14]

■ Plaintiffs' fourth claim, fraud on the court, lies where an attorney engaged in conduct designed to deceive a judicial forum.[15] The plaintiffs' claim herein is based upon statements made by defendant Berglas, the attorney representing Smith Bar-

7. *Cf. Lumbermen's Mutual Casualty Co. v. Elbert,* 348 U.S. 48, 52, 75 S.Ct. 151, 154, 99 L.Ed. 59 (1954); *Dole v. Dow Chemical Co.,* 30 N.Y.2d 143, 148, 282 N.E.2d 228, 331 N.Y.S.2d 382, 387 (1972).

8. *Williams v. Williams,* 23 N.Y.2d 592, 596, 246 N.E.2d 333, 335, 298 N.Y.S.2d 473, 476–77 (1969). *Accord, Rosemont Enterprises, Inc. v. Random House, Inc.,* 261 F.Supp. 691, 695 (S.D. N.Y.1966); *Krellman v. Livingston,* 64 A.D.2d 621, 622, 406 N.Y.S.2d 881, 882 (2d Dep't), *app. dismissed,* 45 N.Y.2d 960, 383 N.E.2d 1155, 411 N.Y.S.2d 565 (1978).

9. *Board of Educ. v. Farmingdale Classroom Teachers Assoc.,* 38 N.Y.2d 397, 405, 343 N.E.2d 278, 380 N.Y.S.2d 635, 642 (1975); *Rosen v. Brandes,* 105 Misc.2d 506, 513, 432 N.Y. S.2d 597, 602 (Sup.Ct., Nassau Co. 1980).

10. Even if we were to look behind plaintiffs' specifications as set forth in the complaint, we would not find a properly pleaded prima facie tort, for even under the broad generalities of this still somewhat nebulous doctrine (*compare Durham Indus. v. North River Ins.,* 673 F.2d 37 (2d Cir. 1982), *with id.* at 41–3 (Timbers, J., dissenting)), a plaintiff is required to plead special damages. *See Nichols v. Item Publishers, Inc.,* 309 N.Y. 596, 602, 132 N.E.2d 860, 862 (1956); *ATI, Inc. v. Ruder & Finne, Inc.,* 42 N.Y.2d 454, 458, 368 N.E.2d 1230, 1232, 398 N.Y.S.2d 864, 866 (1977); *Bohm v. Holzberg,* 47 A.D.2d 764, 764, 365 N.Y.S.2d 262, 264 (2d Dep't 1975).

11. *Nichols v. Item Publishers,* 309 N.Y. 600, 601, 132 N.E.2d 860, 862 (1956) (citations omitted). *See Four Star Stage Lighting, Inc. v. Merrick,* 56 A.D.2d 767, 768, 392 N.Y.S.2d 297, 298 (1st Dep't 1977).

12. *November v. Time, Inc.,* 13 N.Y.2d 175, 177, 194 N.E.2d 126, 127, 244 N.Y.S.2d 309, 310 (1963); *Spilky v. Datri,* 38 A.D.2d 583, 583, 328 N.Y.S.2d 618, 619 (2d Dep't 1971); *Mason v. Sullivan,* 26 A.D.2d 115, 117, 271 N.Y.S.2d 314, 316 (1st Dep't 1966). *Cf. Berman v. Medical Society,* 23 A.D.2d 98, 99, 258 N.Y.S.2d 497, 498 (1st Dep't 1965).

13. *See, e.g., Jack Braunstein, Inc. v. Oleg Cassini, Inc.,* 20 Misc.2d 291, 292, 195 N.Y.S.2d 671, 677 (Sup.Ct., N.Y.Co.1959).

14. Defendants also move to dismiss this claim upon the ground that it is barred by the applicable statute of limitations. However, the record does not contain the date of publication of the alleged libelous statement and thus the Court does not pass on this aspect of the defendants' motion.

15. N.Y.Jud. Law § 487 (McKinney 1968).

ney, to the arbitration panel, the substance of which is that in the New Jersey action instituted by Smith Barney against the defalcating customer he in turn asserted a third-party complaint against Tedeschi. Plaintiffs argue that because of procedural defects with respect to the service and filing of the third-party complaint,[16] that the complaint did "not exist" and was a "false and fraudulent document." This allegation is a distortion of what was said with respect to the third-party complaint and is without substance. A third-party complaint against Tedeschi was prepared by the defalcating customer's attorney and served upon the attorney for Smith Barney, the plaintiff in the New Jersey action. A copy of that complaint is part of this record. Whatever the merits of the claimed defects in the service or filing of the complaint, this does not detract from the truth of the statement made by the attorney at the arbitration that a third-party complaint was in existence and had been submitted. The simple fact that will not down is that a third-party complaint had been served upon the attorney for the plaintiff in the New Jersey action and was in existence at the time Berglas made the statement. Indeed, at the arbitration hearing, Tedeschi's attorney, who represents him in this action, acknowl-edged that he had received a copy of the third-party complaint against his client.[17] The concept of this claim borders on the frivolous and plaintiffs' counsel is reminded of his obligation under Rule 11 of the Federal Rules of Civil Procedure. This count, insofar as it relates to Berglas' statement as to the third-party complaint, is dismissed.[18]

■ Plaintiffs' claim for infliction of "emotional, mental and psychic distress," count five, is also deficient. In *Fischer v. Maloney,*[19] the New York Court of Appeals recently held that such a claim only lies where there is "extreme and outrageous conduct" that is "so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community."[20] There the Court held that a defamation action commenced solely for the purpose of harassment and intimidation did not satisfy this test. Plaintiffs' claim here is even less compelling. Plaintiffs allege no conduct that even approaches the standard required under New York law.[21]

■ Plaintiffs' sixth and final count is asserted solely on behalf of Mrs. Tedeschi. She claims that by reason of defendants'

---

16. Plaintiffs assert that it was neither served upon Tedeschi, as the third-party defendant, nor filed with the Court as required by New Jersey Civil Practice Rules 4:4–3; 4:4–4; 4:8–1(a).

17. Q. [to witness Maine] Thereafter, were you made aware that Smith Barney had commenced a legal action against [the defalcating customer]?

A. Yes.

Q. Were you also aware that [he], through counsel, had submitted a third-party claim against Mr. Tedeschi?

A. Yes.

MR. BERGLAS: Any objection (indicating)?

MR. CHAPMAN [plaintiffs' counsel in this action]: No.

MR. BERGLAS: Mr. Chapman has already received a copy of these documents.

MR. CHAPMAN: Yes.

MR. BERGLAS: Claimant's Exhibit 4, which is a civil complaint—

MR. BENTLEY: No objection?

MR. CHAPMAN: No objection. I have received it.

MR. BERGLAS: (Continuing)—by Smith Barney, Harris Upham against Julian Clements; and a subsequent document, which is a third-party complaint by Julian Clements against Mr. Tedeschi. I'll leave it to the Panel to decipher the third-party complaint which, to say the least, is inartfully drafted, and I'll save it for my argument as to what I believe it means.

18. Plaintiffs also claim that Berglas' representations to the arbitration panel as to a check withdrawn by Mr. Tedeschi from his Smith Barney securities account was intentionally misleading and deceitful. Defendants have not moved with respect to this allegation, and we do not pass on it here.

19. 43 N.Y.2d 553, 373 N.E.2d 1215, 402 N.Y. S.2d 991 (1978).

20. *Id.* at 557, 373 N.E.2d at 1217, 402 N.Y.S.2d at 992–93.

21. *Cf. Brink's v. City of New York,* 533 F.Supp. 1123, 1125 (S.D.N.Y.1982).

conduct, Mr. Tedeschi became "ill, sick, nervous, irritable and unstable," and that, as a result, she was deprived of his services as a husband and father. However, there is no allegation of physical injury to her husband and clearly the complaint does not support such a charge.[22]

Thus, the defendants' motion is granted as to plaintiffs' first, second, fifth and sixth claims; with respect to the fourth claim it is granted as to that portion which is based upon the third-party complaint, and is denied as to the balance; it is denied as to the third claim.

So ordered.

---

22. *Garrison v. Sun Printers & Publishing Ass'n,* 207 N.Y. 1, 10, 100 N.E. 430, 432 (1912); *Dazzo v. Meyers,* 83 A.D.2d 14, 21–22, 443 N.Y.S.2d 245, 251 (2d Dep't 1981); *Groat v. Town Board of Glenville,* 100 Misc.2d 326, 330, 418 N.Y.S.2d 842, 845 (Sup.Ct., Schenectady Co. 1979).