■ CAMERON K. WEHRINGER, Appellant-Respondent, v HELMSLEY-SPEAR, INC., et al., Respondents-Appellants. — Order, Supreme Court, New York County (Marks, J.), entered June 9, 1982, unanimously modified, on the law, to the extent of granting defendants' motion for summary judgment dismissing the complaint, and otherwise affirmed, without costs or disbursements. The action was brought to recover for alleged "harassment, anguish, suffering, both mentally and emotionally," sustained as a result of defendants having continued to bill plaintiff for use and occupancy of office premises at 25 West 43rd Street, New York City, after expiration of plaintiff's lease and after notification that the tenant had vacated the premises. Plaintiff, an attorney, had occupied rooms 904 and 905 under separate leases. At the time the lease to room 904 expired in December, 1980, plaintiff relinquished possession, retaining space occupied by him in room 905. Nevertheless, after expiration of the term, allegedly through inadvertence, the landlord continued to charge plaintiff for electrical use with respect to room 904. This action to recover both compensatory and punitive damages was brought upon allegations that defendants had acted wantonly and willfully and were grossly negligent. Both parties moved for multiple relief, including summary judgment pursuant to CPLR 3212, albeit upon different grounds. Defendants sought summary relief dismissing the complaint as patently insufficient. They relied upon the failure of plaintiff's bill of particulars, as an amplification of the pleading, to establish that a viable claim exists. Plaintiff cross-moved for multiple relief, including summary judgment for defendants' default in appearing for deposition, as had been previously directed. A prior order had imposed upon defendants $250 costs as sanctions for the expense incurred by reason of the default in appearance, which we do not disturb. On a motion for summary judgment, we are empowered to search the record and, if warranted, to grant summary relief even in the absence of a cross motion (see *Jelinek v City of New York,* 25 AD2d 425; *Flaks, Zaslow & Co. v Bank Computer Network Corp.,* 66 AD2d 363; *Carroll v New York Prop. Ins. Underwriting Assn.,* 88 AD2d 527). The power to render appropriate relief exists both at Special Term and on appeal (*Davis v Shelton,* 33 AD2d 707). Here, both parties sought summary disposition. Defendants, however, in support of their motion, did not conform to the requisite standard contained in CPLR 3212 (subd [b]) having failed to submit an affidavit by a person with knowledge of the facts. The affirmation of counsel, clearly without requisite knowledge, was insufficient for that purpose and lacked probative value (*Di Sabato v Soffes,* 9 AD2d 297; *Executive Securities Corp. v Gray,* 67 AD2d 860; *Philip A. Feinberg, Inc. v Varig, S.A.,* 80 Misc 2d 305, affd 47 AD2d 1005). Nevertheless, on review of the pleaded allegations of the complaint, amplified by the bill of particulars, we find the cause of action insufficient as a matter of law. Plaintiff concedes and the order of Special Term found that the complaint sought to recover for the "intentional infliction of mental distress". We agree, however, that the pleading does not state a cognizable claim for relief sounding in prima facie tort. A recovery for prima

facie tort, the Court of Appeals has observed, affords a remedy for " 'the infliction of intentional harm, resulting in damage, without excuse or justification, by an act or a series of acts which would otherwise be lawful' " (*ATI, Inc. v Ruder & Finn,* 42 NY2d 454, 458). The principle was announced by Mr. Justice Holmes in *Aikens v Wisconsin* (195 US 194) and has been recognized in this State (see *Advance Music Corp. v American Tobacco Co.,* 296 NY 79; *Opera on Tour v Weber,* 285 NY 348). One of the essential elements of the cause of action is an allegation that plaintiff suffered specific and measurable loss. Accordingly, it has been held that an action sounding in prima facie tort may not be maintained in the absence of an allegation of special damages (see *Susskind v Ipco Hosp. Supply Corp.,* 49 AD2d 915; *Miller v Jamaica Sav. Bank,* 50 AD2d 865; *Carroll v New York Prop. Ins. Underwriting Assn., supra*). Here, no special damages are alleged and it is clear that none exist. The complaint asserts in most general fashion that plaintiff suffered damages "in the amount of not less than one hundred thousand dollars." The bill of particulars, in response to a demand for amplification as to medical and related expenses and loss of earnings, clarifies that there were no medical expenses and that no medical treatment was rendered. Similarly, with regard to loss of earnings, plaintiff's response was that he did not keep time records, but he suggested somewhat incredibly that he be compensated at his hourly office rate for his "diminished effectiveness the next day by not having a proper night's rest". Evidencing his own uncertainty in fixing damages, if any, plaintiff states in his bill that "no matter how the cost is calculated it would be, in all probability, more than stated in his complaint." The pleaded allegations make patently clear that there were no special damages at all. The pleading is palpably insufficient to set forth a prima facie tort. The remedy does not exist to permit a recovery for every unrealized claim merely by affixing the terms "wanton," "willful" or "grossly negligent" to characterize the acts complained of. As was observed in another context in *Belsky v Lowenthal* (62 AD2d 319, 323, affd 47 NY2d 820), "[p]rima facie tort should not become a 'catch-all' alternative for every cause of action which cannot stand on its legs." Thus, we conclude that the complaint, failing to state a cognizable claim for relief, should be dismissed. The conduct complained of does not constitute the tort of intentional infliction of harm without excuse or justification. So much of the complaint as seeks to recover punitive damages is likewise deficient since a claim for punitive damages may not be maintained as a separate cause of action. (*Halpern v Selkow,* 80 AD2d 528; *Isaacs v Interboro Mut. Ind. Ins. Co.,* 73 AD2d 850; *APS Food Systems v Ward Foods,* 70 AD2d 483.) Concur — Sandler, J. P., Carro, Asch, Milonas and Kassal, JJ.