Anthony W. **TEDESCHI** and Lois Tedeschi, Plaintiffs,

Merrill J. **Chapman**, Appellant,

v.

Smith **BARNEY**, Harris Upman & Co., Inc., **Martin S. Berglas** and **John Maine**, Defendants-Appellees.

No. 853, Docket 84–7730.

United States Court of Appeals, Second Circuit.

Argued March 1, 1985.

Decided March 6, 1985.

Merrill J. Chapman, New York City, pro se.

Howard I. Rhine, New York City (Kramer, Coleman & Rhine, A. David Stern, New York City, of counsel), for defendants-appellees.

**466**

Before KAUFMAN, MESKILL and NEWMAN, Circuit Judges.

PER CURIAM:

Anthony and Lois Tedeschi brought the action underlying this appeal in the district court for the Southern District of New York, seeking to recover damages from Anthony Tedeschi's ex-employer for malicious prosecution, abuse of process, defamation, fraud and emotional distress. All five of the Tedeschis' claims were dismissed prior to trial, *see* 548 F.Supp. 1172 (S.D.N.Y.1982). Thereafter, the successful defendants moved, pursuant to Fed.R. Civ.P. 11, 28 U.S.C. § 1927 (1982) and the inherent equitable powers of the Court, for an award of attorneys' fees and costs.· In a thorough and thoughtful opinion, *see* 579 F.Supp. 657 (S.D.N.Y.1984), Judge Weinfeld granted the motion, and ordered Mr. Tedeschi to pay the defendants $4,000, Mrs. Tedeschi to pay $1,000 and Merrill J. Chapman, their attorney, to pay $5,000. Though the clients paid the fees assessed against them, their attorney appeals the assessment against himself.

█ We have carefully considered the arguments advanced on appeal, and find them to be wholly without merit. We do not believe the district court was without jurisdiction to grant the motion for costs and fees. Neither do we believe that the court exceeded its discretion in awarding the sum of $5,000. On the contrary, it appears that Judge Weinfeld was eminently reasonable in assessing that amount.

Under the "American Rule," courts are indeed reluctant to award attorneys' fees pursuant to their inherent equitable powers, and have limited such awards to cases where the unsuccessful party is found to be acting in bad faith. *See Roadway Express, Inc. v. Piper,* 447 U.S. 752, 765–66, 100 S.Ct. 2455, 2463–64, 65 L.Ed.2d 488 (1980); *Alyeska Pipeline Co. v. Wilderness Society,* 421 U.S. 240, 258–59, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975); *Browning Debenture Holders' Comm. v. DASA Corp.,* 560 F.2d 1078, 1087 (2d Cir.1977); *Nemeroff v. Abelson,* 704 F.2d 652 (2d Cir.

1983). Judge Weinfeld, who witnessed the tortuous proceedings underlying this appeal, found that the claims were brought in bad faith, and the record provides ample support for his finding.

█ Accordingly, for substantially the reasons set forth in Judge Weinfeld's opinion below, the judgment of the district court is affirmed. Pursuant to Fed.R. App.P. 38, we assess double costs and damages of $1,500. against Chapman for taking a frivolous appeal.