■ DAVID J. SOKOL, Appellant, v PATRICIA H. SOFOKLES, Also Known as PATRICIA D. HOPPER, et al., Respondents.—In an action, inter alia, to recover damages for malicious prosecution, abuse of process and prima facie tort, the plaintiff appeals from (1) an order of the Supreme Court, Orange County (Ingrassia, J.), dated January 14, 1987, which granted the defendants' motion to dismiss the complaint for failure to state a cause of action, and (2) a judgment of the same court, dated February 4, 1987, entered thereon.

Ordered that the appeal from the order is dismissed without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39

NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The appellant's complaint was properly dismissed as squarely within the rule of *Drago v Buonagurio* (89 Misc 2d 171, *revd* 61 AD2d 282, *revd* 46 NY2d 778, *on remand* 109 Misc 2d 192, *affd* 89 AD2d 682, *lv denied* 57 NY2d 609). Briefly, the appellant, a dentist, performed root canal work on the respondent patient. The respondent patient refused to remit payment and the appellant threatened suit. Prior to commencement of this action, the respondent patient, by the respondent attorneys, instituted an action to recover damages for dental malpractice. That action was dismissed for failure to prosecute. Thereafter the appellant commenced the instant action seeking damages for malicious prosecution, abuse of process and prima facie tort. The appellant has no cognizable claim sounding in malicious prosecution as the mere service of a summons and complaint without further interference from some provisional remedy does not rise to the level of malicious prosecution *(Molinoff v Sassower,* 99 AD2d 528). Moreover, the appellant cannot establish that he received a favorable determination in the prior action as the dismissal was not on the merits *(see,* CPLR 3216 [a]). Further, the appellant can state no cause of action to recover damages for abuse of process as he was not subject to the wrongful use of a provisional remedy *(Williams v Williams,* 23 NY2d 592, 596). The institution of a civil action by summons and complaint will not give rise to a claim to recover damages for abuse of process as they are not legally considered process capable of being abused *(Curiano v Suozzi,* 63 NY2d 113). The appellant's claim sounding in prima facie tort is equally unavailing as it cannot be said that malevolence was the sole motivation for the respondents' otherwise lawful act, to wit, the commencement of an action to recover damages for dental malpractice *(Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314). The strong public policy of open access to the courts for all parties without fear of reprisal in the form of a retaliatory lawsuit mandates the dismissal of this action *(see, Curiano v Suozzi, supra; Drago v Buonagurio,* 46 NY2d 778, *supra).* Additionally, the appellant is not entitled to an award of attorneys' fees pursuant to CPLR 8303-a as the prior malpractice action was commenced well before the effective date of that prospective legislative enactment *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 51 [b]). Mangano, J. P., Brown, Lawrence and Sullivan, JJ., concur.