**DIAMOND, Plaintiff,**

v.

**STRASSBERG, et al., Defendants.**

**No. 89 CIV. 3278 (DNE).**

United States District Court,
S.D. New York.

Dec. 5, 1990.

O'Donnell Fox & Gartner, New York City (William G. O'Donnell, of counsel), for plaintiff.

Saiber, Schlessinger, Satz & Goldstein, Newark, N.J. (Bruce I. Goldstein, James H. Aibel, of counsel), for defendants.

### MEMORANDUM & ORDER

EDELSTEIN, District Judge:

Defendants move pursuant to Fed.R. Civ.P. 12(b)(6) to dismiss both counts of plaintiffs' amended complaint. For reasons to be discussed, defendants' motion is granted.

## I. Background

The material facts are not in dispute. Plaintiff Diamond is president of Print–Art Services ("PAS"), a company which provides appraisal and auction services to companies in the printing industry. On November 13, 1986, defendant Bank of New York ("BNY") had approved a $10 million dollar loan to a printing company, BH & P, Inc. ("BHP") to be secured by BHP's accounts receivable, inventory and fixed assets. Only $7 million of the $10 million was advanced to BHP at that time. The remaining $3 million was not to be made available until a "due diligence" evaluation of BHP's asset value and quality was completed. PAS was hired on December 12, 1985 to appraise the machinery and equipment of BHP. PAS' appraisal was completed on December 20, 1985. On January 31, 1986, BNY advanced the remaining $3 million to BHP. On April 14, 1986, BHP filed for bankruptcy in the United States Bankruptcy Court for the District of New Jersey, without ever having made a payment on the BNY loan.

On April 6, 1987, BNY filed suit against PAS and Diamond in New York State Supreme Court (the "state action"). The complaint in the state action was verified by defendant Rappold, general counsel for BNY, and defendant Strassberg, an attorney with defendant Strassberg and Strassberg, P.C. The state action essentially alleged that PAS was negligent in its appraisal of BHP. BNY voluntarily discontinued the state action with prejudice on May 26, 1988.

Plaintiff filed his complaint on May 12, 1989. Two months later plaintiff amended his complaint. Count I of Diamond's amended complaint alleges that the state action constituted malicious prosecution under New York State law. Count II of plaintiff's amended complaint alleges that the state action resulted in Diamond's suffering the tort of intentional infliction of emotional distress under New York State law.

## II. Discussion

Defendants moved to dismiss plaintiff's amended complaint in its entirety pursuant to Fed.R.Civ.P. 12(b)(6). It is well settled that in such a motion, the Court should construe the complaint in the light most favorable to the plaintiff and the allegations in the complaint should be taken as true.

### A. Count I—Malicious Prosecution

Count I of plaintiff's complaint alleges that the state action had no basis in law and was a false and malicious prosecution. In order for plaintiff to make out a claim for malicious prosecution under New York law, however, the plaintiff must, among other things, show that there was "some interference with with his person or property." *Tedeschi v. Smith Barney, Harris Upham & Co., Inc.*, 548 F.Supp. 1172, 1174 (S.D.N.Y.1982) (Weinfeld, J.); *Oceanside Enterprises, Inc. v. Capobianco, et al.*, 146 A.D.2d 693, 537 N.Y.S.2d 191 (2d Dept. 1989). To satisfy this requirement, plaintiff must show that the court in the state action issued some "provisional remedy, such as an attachment, an order of arrest, or an injunction." *Tedeschi v. Smith Barney, Harris Upham, Inc., supra*, 548 F.Supp. at 1174; *Sokol v. Sofokles*, 136 A.D.2d 535, 523 N.Y.S.2d 155, 157 (2d Dept. 1988); *Molinoff v. Sassower*, 99 A.D.2d 528, 471 N.Y.S.2d 312, 313 (2d Dept.1984).

■ In his amended complaint, plaintiff alleges that he suffered a diminished credit rating after the commencement of the state action. Plaintiff alleges that this diminished credit rating constitutes a "constructive" attachment. Not only does this allegation not satisfy the standard under New York law, but plaintiff cannot even conclusively allege that the state action was the cause of this diminished credit rating. As a result, plaintiff cannot state a cause of action upon which relief may be granted.

### B. Count II—Intentional Infliction of Emotional Distress

■ Count II of plaintiff's complaint alleges that the state action constituted intentional infliction of emotional distress. Defendant argues that Count II is time-barred by the one-year statute of limita-

tions contained in New York C.P.L.R. § 215(3). *Gallagher v. Directors Guild of America,* 144 A.D.2d 261, 533 N.Y.S.2d 863 (1st Dept.1988). Under New York law, the statute of limitations begins to run from the time the cause of action accrued. *See Sporn v. MCA Records, Inc.,* 58 N.Y.2d 482, 448 N.E.2d 1324, 1327, 462 N.Y.S.2d 413, 416 (1983); *see also Piesco v. City of New York,* 693 F.Supp. 86, 87 (S.D.N.Y. 1988). It is hornbook law that a "cause of action for mental shock or distress is complete when the shock or distress occurs ..." Restatement (Second) of Torts, § 899 at 441.

In this instance, the plaintiff's own amended complaint alleges that his emotion distress was first caused by defendants filing the state action. Amended Complaint, ¶¶ 51–55. As a result, plaintiff's claim for intentional infliction of emotional distress first accrued when the state action was filed. The state action was filed on April 6, 1987. Plaintiff's complaint in the instant case was filed on May 12, 1989, more than two years after the state action was filed. Accordingly, Count II of plaintiff's complaint is time barred and must be dismissed.

### III.  Conclusion

IT IS HEREBY ORDERED that plaintiff's motion to dismiss the amended complaint in its entirety is granted.

SO ORDERED.