■ MAXIMILIAN OTINIANO, Respondent-Appellant, v DAVID MAGIER et al., Appellants-Respondents.—Order, Supreme Court, New York County (Carol E. Huff, J.), entered December 21, 1990, which, *inter alia,* denied defendants' cross-motion for summary judgment, is unanimously reversed on the law to the extent that defendants' cross-motion for summary judgment is granted and the complaint is dismissed, without costs.

Plaintiff's action grows out of the following alleged facts. By a lease agreement dated August 6, 1979, defendant Harlington Realty Corp. (Harlington) leased the premises, a corner store in Kew Gardens, Queens, New York City, to George Nembach for a period of ten years from August 1, 1979 through July 31, 1989. On August 27, 1981, defendant High Street Equity Corp.

(High Street) became the owner of the building in which the store was located and Harlington became the managing agent of the building. Defendant David Magier (Magier) owned both Harlington and High Street and was an officer in both.

In the first cause of action plaintiff alleges, *inter alia,* that in 1986 he was fraudulently induced to purchase the store and agree to an assignment of the lease by the representations of defendants Magier and Harlington that the lease agreement would be extended for five years. Subsequently, after the purchase, the said defendants not only refused to extend the lease but demanded that the lease be terminated and a new one negotiated.

The first cause of action is without merit since it is barred by the Statute of Frauds. General Obligations Law § 5-703 (2) provides that a lease agreement for longer than one year must be in writing. Therefore, an oral lease agreement for five years is unenforceable. *(Geraci v Jenrette,* 41 NY2d 660 [1977].)

In his second cause of action, plaintiff alleges a breach of the covenant of quiet enjoyment. However, since plaintiff remained on the premises and operated his business until the end of the term, there was no breach of the covenant of quiet enjoyment. *(Herstein Co. v Columbia Pictures Corp.,* 4 NY2d 117 [1958].)

The third cause of action seeks legal expenses incurred when the defendant law firm of Niles Welikson, doing business as Horing & Welikson instituted nonpayment proceedings against plaintiff in the Housing Part of the Civil Court. It is alleged that those actions constituted malicious prosecution and abuse of process. Both claims are without merit.

As to the malicious prosecution claim, plaintiff did not obtain a favorable termination of the Civil Court proceedings and was not subjected to interference from a provisional remedy such as attachment, arrest or injunction. *(Sokol v Sofokles,* 136 AD2d 535, 536 [1988].) The abuse of process claim fails because, *inter alia,* plaintiff was not subjected to the wrongful use of a provisional remedy *(Sokol v Sofokles, supra; Williams v Williams,* 23 NY2d 592, 596 [1969]) and there is no evidence of an intent, without economic or social excuse or justification, to harm plaintiff by issuance of a regularly issued process which compels performance or forbearance. *(Weisman v Weisman,* 108 AD2d 852 [1985].) Therefore, there is no basis for an award of legal fees.

Accordingly, the cross-motion for summary judgment dismissing the complaint should have been granted. Concur— Sullivan, J. P., Milonas, Ellerin, Kassal and Smith, JJ.