■ CARPET CENTER AT KORVETTE-WESTBURY, Respondent, v. NEW YORK POST CORPORATION, Defendant, and A. B. C. CARPET CO., Appellant.— In a libel action to recover damages alleged to have been caused by the defendant A. B. C. Carpet Company's publication of an advertisement by the defendant-appellant in a newspaper published by the New York Post Corporation, said defendant Carpet Company appeals from an order of the Supreme Court, Nassau County, dated May 22, 1959, which denied its motion, made pursuant to rule 106 of the Rules of Civil Practice, to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action. Order reversed, with $10 costs and disbursements, and motion granted with leave to plaintiff, if it be so advised, to serve an amended complaint within 20 days after entry of the order hereon. The plaintiff is a limited partnership and, in our opinion, in any action of this character it is subject to the same rules which apply to a corporation and to an unincorporated association (*Kirkman* v. *Westchester Newspapers,* 287 N. Y. 373; *Stone* v. *Textile Examiners & Shrinkers Employers' Assn.,* 137 App. Div. 655). It does not appear on the face of the complaint that the subject publication directly affected the credit of the plaintiff or caused it to suffer pecuniary injury, or that said publication was so defamatory that it must be inferred that it accomplished such result. No special damage is alleged. In our opinion, under these circumstances, the complaint does not state facts sufficient to constitute a cause of action (*Brown* v. *O'Reilly,* 10 A D 2d 731; *Samson United Corp.* v. *Dover Mfg. Co.,* 233 App. Div. 155; *Hornell Broadcasting Corp.* v. *Nielsen Co.,* 8 A D 2d 60, 63, affd. 8 N Y 2d 767). Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.