■ HAMLET DEVELOPMENT Co. et al., Respondents, v ARTHUR VENITT, Appellant. — In a libel action, defendant appeals from an order of the Supreme Court, Nassau County (Spatt, J.), dated September 30, 1982, which denied defendant's motion to dismiss the complaint for failure to state a cause of action. Order reversed, on the law, with costs, motion granted and complaint dismissed. On January 27, 1981, defendant purchased a condominium from the plaintiff, the Hamlet Development Co. (hereinafter Hamlet Company), for approximately $160,000. The Hamlet Company is a joint venture consisting of the Hamlet Development Corp. (hereinafter Hamlet Corporation) and Old Northern Co., Ltd., a wholly owned subsidiary of the defendant's mortgagee, Roslyn Savings Bank. Plaintiff Gerald Monter is one of the principal officers of the Hamlet Corporation, and was primarily responsible for the design and construction of defendant's condominium unit. This action arises out of a letter written on September 8, 1981, by defendant to the Roslyn Savings Bank. In the letter defendant indicated that he was dissatisfied with the delay in completing the unit, and in the quality of workmanship that went into its production. Thereafter, plaintiffs commenced this action, alleging that the letter was defamatory. Preliminarily, we note that the legal sufficiency of a complaint for libel of a joint venture is to be determined by the same standard that is applied when a corporation is libeled (see *Carpet Center at Korvette-Westbury v New York Post Corp.,* 13 AD2d 532). Special Term erred in failing to dismiss the causes of action insofar as asserted by the Hamlet Company and the Hamlet Corporation. The Court of Appeals recently addressed the issue of commercial defamation in *Ruder & Finn v Seaboard Sur. Co.* (52 NY2d 663, 670-671), where it stated in pertinent part: "Now, although defamation and disparagement in the commercial context are allied in that the gravamen of both are falsehoods published to third parties, there is a distinction. Where a statement impugns the basic integrity of creditworthiness of a business, an action for defamation lies and injury is conclusively presumed. Where, however, the statement is confined to denigrating the quality of the business' goods or services, it could support an action for disparagement, but will do so only if malice and special damages are proven (see *Drug Research Corp. v Curtis Pub. Co.,* 7 NY2d 435; *Marlin Fire Arms Co. v Shields,* 171 NY 384, 390; Competitive Torts, 77 Harv L Rev 888, 893-894)." In the instant case, the statements to which plaintiffs object relate solely to the quality of goods and services received; they do not impugn the basic integrity of either of the aforementioned plaintiffs. Nor is there any indication that defendant's letter "directly affects [plaintiffs'] credit and necessarily and directly occasions pecuniary injury" (*Union Associated Press v Heath,* 49 App Div 247, 253, cited with approval in dissenting opn *New York Bur. of Information v Ridgway-Thayer Co.,* 119 App Div 339, 342, revd on dissenting opn 193 NY 666; see *Reporters' Assn. of Amer. v Sun Print. & Pub. Assn.,* 186 NY 437). Consequently, the failure of plaintiffs Hamlet Company and Hamlet Corporation to plead special damages mandates dismissal of their causes of action. Special Term further erred in failing to dismiss the cause of action asserted by plaintiff Gerald Monter. There is nothing in the subject letter which might be consid-

ered defamatory as to Monter (see *Tracy v Newsday, Inc.*, 5 NY2d 134, 135-136). Damiani, J. P., Mangano, Gibbons and Gulotta, JJ., concur.