OPINION OF THE COURT
Edward J. Greenfield, J.
Plaintiff, a title company, has sued the defendant attorneys who represented the lending bank in a real estate closing because its services were not utilized. Six causes of action for prima facie tort, injurious falsehood, tortious interference with contract, defamation, work, labor and services, unjust enrichment and account stated are set forth. Defendants, insisting plaintiffs services were neither ordered nor wanted, have moved for summary judgment.
In the real estate transaction, the financing of $1,500,000 for the purchaser, Peter Sudarsky, was being supplied by Bank Leumi. Sudarsky was represented by Berger & Kramer, Esqs. (Berger); Bank Leumi by defendants. The loan commitment agreement between Bank Leumi and Sudarsky, drafted in December 1983 and executed on January 10, 1984, provided that as a condition of the loan: "Bank Leumi shall receive the *930 following documents, all in form and substance satisfactory to it and its counsel * * * '[a] A title report * * * to be issued by the title company designated by Bank Leumi.’ ”
Bank Leumi had never designated plaintiff as the chosen title company, but before the execution of the loan agreement, Berger, the borrower’s attorney, had requested plaintiff to issue a title report and obtain a title policy from a title insurance company. Plaintiff thereafter furnished Berger and defendants with a title report on January 3, 1984. Defendants acknowledge receiving a copy of that report, but assert that the report arrived "unannounced, unsolicited and unanticipated”. On February 1, 1984, defendants advised Berger of the name of the title company that had been designated by the bank pursuant to the terms of the commitment agreement. The company designated was not the plaintiff. Within two days, defendants were billed by plaintiff for services rendered in the amount of $4,522. Defendants returned the invoice to plaintiff, advising it that they had not requested its services and that the title policy used was not, in fact, issued by plaintiff.
In the first cause of action, plaintiff charges that defendants "falsely advised” that its services were unacceptable to the lending bank, preventing it as agent from having a mortgage title insurance policy issued. It alleges further that defendants’ acts were "willful, wanton, capricious, without reasonable or probable cause or justification and were performed with the deliberate intent of injuring the plaintiff” in its business, general reputation, prestige and good will causing it as special damages the fees to be earned in this transaction of $4,522, future loss of business of $500,000 and punitive damages of $1,000,000.
The substance of the first cause of action is essentially an ordinary business decision to choose one supplier of services over another. Plaintiff characterizes this cause of action as one for prima facie tort. A decision to choose one business over another, absent a strong showing of malice, is not the grist of prima facie tort. The essence of prima facie tort is the infliction of intentional harm without excuse or justification by an act or series of acts which would otherwise be lawful and result in the infliction of special or temporal damages. (ATI, Inc. v Ruder & Finn, 42 NY2d 454, 458; De Gregorio v CBS, Inc., 123 Misc 2d 491.) The remedy of prima facie tort is not to be resorted to if one of the traditional tort remedies is available. If an act is wrongful and is already characterized as *931 a tort, that is enough. (Knapp Engraving Co. v Keystone Photo Engraving Corp., 1 AD2d 170.) The hallmark of prima facie tort is not that the common-law tort is committed, but that a lawful act is performed, which because of its malicious motive calls for legal remedy. When we say that the act must be "without justification” we eliminate all aspects of pecuniary self-interest because the act must be intended to cause harm out of " 'disinterested malevolence’ ”. (Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 333; Beardsley v Kilmer, 236 NY 80, 90; Benton v Kennedy-Van Saun Mfg. & Eng. Corp., 2 AD2d 27.) While a refusal to designate a particular company as a channel for doing business is an act "otherwise lawful”, there is nothing set forth in the papers which would indicate that this was done by the defendants solely for the purpose of causing harm to the defendant.
There is a general and conclusory allegation in the pleadings as to lack of probable cause or justification and with the deliberate intent of injuring the plaintiff, but on this summary judgment motion there is not an iota of evidence to support those conclusory allegations of deliberate injury. Further, it is doubtful whether generalized claims for future loss of business and punitive damages come within the definition of special damages.
If the first cause of action is viewed as one for injurious falsehood, plaintiff must establish that the defendants uttered false and misleading information causing special damages and the pleadings must set forth a concise statement of the materially false matter to be proved at trial. (Penn-Ohio Steel Corp. v Allis-Chalmers Mfg. Co., 7 AD2d 441.) The only assertion of falsity is that the defendants falsely stated that the bank had found that plaintiff was an unacceptable title abstract company and that its title reports would not be accepted as accurate. Defendants have flatly sworn that they were instructed by the bank to utilize the services of another title company. The only basis upon which plaintiff can contend that the bank did not do so is an affidavit by Berger who says he communicated with some unidentified "officer” of the bank and that the person to whom he spoke did not understand why the bank wished to use another title company. In the absence of a showing that this was a bank official who had knowledge and authority with respect to the facts, it is meaningless. Undoubtedly, there were many people employed by the bank who knew nothing about its choice of title companies. There is no showing that the alleged words were, in fact, *932 imparted by anyone and no basis for the innuendo that a refusal to employ the plaintiff reflected adversely on its ability and integrity. The first cause of action must be dismissed.
The second and third causes of action purport to allege some species of tortious interference with a contract. It is alleged that the actions of the defendants in designating a company other than plaintiff resulted in Sudarsky, Berger and Bank Leumi breaking their contract with the plaintiff. There never was a contract between the plaintiff and Bank Leumi and the designation of another company would not cause Sudarsky and Berger to breach their contract or excuse their obligation to pay for the title report from plaintiff that they had bargained for. There is no showing that defendants or the bank knew of a contractual relationship between Sudarsky, Berger and the plaintiff prior to their drafting the loan agreement which gave them the right to designate the title company.
The designation of another title company is not a wrongful act which would result in tortious interference with another’s contract. Defendants, at best, advised their client, the lending bank, as to an appropriate title company. The giving of such advice to a client cannot be deemed wrongful in any respect, and the fact that the client takes the advice to the detriment of some third person exposes the attorney to no liability. (See, Hahn v Wylie, 54 AD2d 629; Sim Kwon Kim v Byung Sik Cho, NYLJ, Oct. 19, 1984, p 6, col 2.)
The third cause of action adds nothing except an allegation of injury by the defendants’ "false representations”. That adds nothing to the already defective pleading.
The fourth cause of action appears to allege defamation injuries to plaintiff’s business, reputation and credit. The alleged defamatory matter is: "with respect to title insurance, the bank desires to use Lawyers Title Insurance Corporation”. There is nothing in the alleged statement which makes any reference to the plaintiff, its reputation or its credit. (See, Hamlet Dev. Co. v Venitt, 95 AD2d 798.) The allegation is that this statement can be read by innuendo to mean that the plaintiff, which was not chosen, was "unqualified, disreputable and/or inferior”. There is no way in which such an innuendo can be derived from the alleged statement and the fourth cause of action must be dismissed. (See, Cole Fisher Rogow v Carl Ally, Inc., 29 AD2d 423, 427.) Plaintiff was Berger’s choice, and the bank’s choice of another is no basis for *933 alleging that Berger would never thereafter do business with the plaintiff.
The fifth and sixth causes of action claiming damage for work, labor and services and for an account stated are likewise dismissed. It is clear that the defendants, as agents for the bank, its disclosed principal, never authorized or requested any services from the plaintiff. Berger requested such services, and defendants expressly rejected them. Plaintiff can hardly contend an account has been stated when defendants have continuously contested plaintiffs right of payment.
For the reasons above stated, the motion by defendants for summary judgment dismissing all causes of action in the complaint is granted.