■ CHRISTOPHER LISA MATTHEW POLICANO, INC., et al., Respondents, v NORTH AMERICAN PRECIS SYNDICATE, INC., et al., Appellants.—Order, Supreme Court, New York County (Alfred Ascione, J.), entered on December 4, 1985, denying defendants' motion to dismiss the complaint (CPLR 3211 [a] [7]) and granting plaintiffs' motion for leave to serve an amended complaint, unanimously reversed, on the law, defendants' motion to dismiss granted and plaintiffs' motion for leave to serve an amended complaint denied, without costs.

The complaint herein sets forth two causes of action, one on behalf of the corporate plaintiff against the corporate defendant seeking damages for libel, and, another, on behalf of the individual plaintiff against the individual defendant, seeking damages for prima facie tort. The corporate plaintiff, Christopher Lisa Matthew Policano, Inc. (Policano, Inc.) is a public relations firm which serviced an account for Sterling Drug, Inc. (Sterling Drug).

The first cause of action alleges that defendant North American Precis Syndicate, Inc. (NAPS), a firm specializing in the distribution of press releases to the media, libeled Policano, Inc. in an advertisement NAPS placed in a publication entitled Public Relations Journal.

The advertisement for NAPS' services contained a quotation from Robert Perlman, an official of Sterling Drug, concerning the termination of the business relationship between Sterling and Policano, Inc. In particular, Perlman is quoted as saying "Instead of doing three or four things in a scattered way, we want to do one or two things really well." The complaint alleges that the advertisement omitted the following portion of the statement. "A bigger agency might give us more leverage." This omission, it is alleged, libeled Policano, Inc., by creating the false and misleading impression that Sterling

Drug terminated the business relationship because Policano, Inc. conducted its business in a scattered way. Policano, Inc. alleged that, as a consequence, it lost existing clients and has had difficulty attracting new clients.

In the second cause of action, the individual plaintiff, Joseph Policano, seeks damages for prima facie tort against NAPS' chief executive officer, Ronald Levy, alleging that Levy placed the defamatory advertisement as a form of revenge for an earlier lawsuit Policano had brought against him. The lower court denied defendants' motion to dismiss for failure to state a cause of action and granted plaintiffs' motion to serve an amended complaint setting forth special damages.

A statement, to be actionable in libel, must be both false and defamatory (Rinaldi v Holt, Rinehart & Winston, 42 NY2d 369, 379-380 [1977]; Fairley v Peekskill Star Corp., 83 AD2d 294, 297 [2d Dept 1981]). Both parties agree that the advertisement accurately quotes Mr. Perlman. The issue raised is whether the omission of another Perlman statement, that "A bigger agency might give us more leverage", conveys the false and defamatory meaning that Policano, Inc.'s unsatisfactory performance caused Sterling Drug to terminate the relationship. Despite the omission, the advertisement, read as a whole, conveys the original meaning of the complete quotation. Specifically, a portion of the advertisement states that Sterling Drug had just left Policano, Inc. and "is considering hiring one of the larger PR firms". In determining whether the writings are susceptible to the particular meaning plaintiff ascribes to them, the court should examine the writing as a whole and consider its effect on the average reader (see, James v Gannett Co., 40 NY2d 415, 419-420 [1976]; November v Time Inc., 13 NY2d 175, 178-179 [1963]; Tracy v Newsday, Inc., 5 NY2d 134, 136 [1959]). Read as a whole, the advertisement cannot be said to be false or misleading. The language is not defamatory and a careful reading of Perlman's quotation reveals that the phrase "doing * * * things in a scattered way" refers to the behavior of Sterling Drug, not plaintiff.

The second cause of action does not properly plead the elements of prima facie tort which are "(1) intentional infliction of harm, (2) resulting in special damages, (3) without excuse or justification, and (4) by an act or series of acts that would otherwise be lawful". (Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 332 [1983].) Although the second cause of action alleges a willful, deliberate and malicious intent to injure plaintiff Policano, it does not allege, as required, that "malevolence" was the sole motive for the

individual defendant's actions. *(Burns Jackson Miller Summit & Spitzer v Lindner, supra,* at 333.)

In the original complaint, special damages are insufficiently alleged in both causes of action. Where a libel cause of action is not defamatory per se, special damages must be pleaded *(Wehringer v Allen-Stevenson School,* 46 AD2d 641 [1st Dept 1974], *affd* 37 NY2d 864 [1975]). The advertisement is not defamatory per se since the statement at issue here does not impugn the creditworthiness or basic integrity of plaintiff's business. Even if the statement denigrated the quality of the goods and services of the business, an allegation which could support an action for disparagement, malice and special damages would have to be alleged *(Ruder & Finn v Seaboard Sur. Co.,* 52 NY2d 663, 670-671 [1981]; *Drug Research Corp. v Curtis Publ. Co.,* 7 NY2d 435, 440 [1960]).

The amended complaint differs from the original complaint only in its pleading of special damages. However, special damages alleged in the amended complaint, in both causes of action, are general and conclusory. Without specific allegations, special damages have not been adequately pleaded. *(Drug Research Corp. v Curtis Publ. Co.,* 7 NY2d 435, 441 [1960], *supra; Continental Air Ticketing Agency v Empire Intl. Travel,* 51 AD2d 104, 108 [4th Dept]; *Berman v Medical Socy.,* 23 AD2d 98 [1st Dept].)

Accordingly, the complaint is dismissed and the motion to amend denied. Concur— Kupferman, J. P., Ross, Kassal, Ellerin and Smith, JJ.