■ LEVITTOWN NORSE ASSOCIATES, Respondent, v JOSEPH P. DAY REALTY CORP. et al., Appellants.—Judgment, Supreme Court, New York County (John Doyle, J.), entered on or about March 31, 1988, which, after a jury trial, found in plaintiff's favor and awarded damages in the amount of $40,000 plus costs and disbursements, unanimously reversed, on the law, and the complaint dismissed, with costs.

Plaintiff, Levittown Norse Associates, brought this action in libel on or about March 13, 1984, following the publication of an article appearing in The Brooklyn Heights Press and Cobble Hill News on March 1, 1984. The article was written by Michael Messina, a reporter who had placed a telephone call to defendant Robert Oliver, a real estate broker affiliated with defendant Joseph P. Day Realty Corp., to inquire about commercial space Oliver was seeking for a well-known house-wares retailer. It was the response by Oliver to Messina's mention of an available retail space on Montague Street, Brooklyn, that formed the basis of the lawsuit. In his article, Messina related the critical portion of this conversation with Oliver as follows:

"Oliver said, 'We might be interested but the owners of that property (Levittown Norse Assoc.) are very difficult to deal with.' He said the company's partners do not always recognize brokerage fees and had heard they are currently being sued by 'other brokers.'

"According to Oliver, Levittown Norse lost an opportunity to open a second Brooklyn Municipal Credit Union outlet in the Fulton Mall area to accommodate the overflow of people from Montague Street."

A jury trial was commenced in March 1988 and, at the close of all of the evidence, both parties unsuccessfully moved for a directed verdict. In making their motion, defendants argued that the offending statements did not constitute libel as a

matter of law. We agree and, accordingly, reverse the judgment and dismiss the complaint.

The specific portions of the newspaper article which were the subject of the trial were those quoting Oliver as having said: (1) the owners of the property " 'are very difficult to deal with' "; (2) "are currently being sued by 'other brokers' "; and (3) "lost an opportunity to open a second Brooklyn Municipal Credit Union outlet in the Fulton Mall area".

Upon our review of these statements and the context in which they were made, we conclude that they are not libelous as a matter of law. First, the statement that the owners " 'are very difficult to deal with' " is an expression of pure opinion, rather than one of fact or "mixed opinion", for the context in which it appears does not imply that it is based upon undisclosed facts. *(See, Steinhilber v Alphonse,* 68 NY2d 283, 289; *Rand v New York Times Co.,* 75 AD2d 417, 422.) Statements expressing pure opinion are constitutionally protected and therefore nonactionable, "even if false and libelous, and no matter how pejorative or pernicious they may be". *(Parks v Steinbrenner,* 131 AD2d 60, 62.) The determination of whether a particular statement falls into this category is a question of law to be resolved by the court. *(Steinhilber v Alphonse, supra,* at 290.)

The second statement complained of, which asserts that plaintiff's partners were being sued, is not facially defamatory, since the commencement of a lawsuit against a party cannot reasonably be interpreted to disparage that party's professional ability, or attribute to it any wrongdoing. Nor does the context in which this statement appears persuade us that libelous meaning may be imputed to it by innuendo, a determination which, in any event, must be made by the court. *(See, WDM Planning v United Credit Corp.,* 47 NY2d 50, 53.)

Similarly, the third offending comment made by Oliver, to the effect that respondent lost an opportunity to open a Credit Union outlet, is not defamatory per se, and cannot, on this record, be interpreted by innuendo to mean, as plaintiff asserts in its complaint, "that the plaintiff was not a reputable and responsible real estate owner and operator; that the plaintiff would not and does not deal fairly with real estate brokers and tenants; that the plaintiff would not and does not deal honorably with prospective tenants in lease negotiations". *(See generally, Royal Abstract Corp. v Golenbock & Barell,* 129 Misc 2d 929, 932, *affd* 121 AD2d 852.)

For all these reasons, we hold that the portions of the

article complained of are incapable, as a matter of law, of bearing the libelous meaning that plaintiff would ascribe or impute to them, and the judgment is accordingly reversed and the complaint dismissed. In light of this determination, it is unnecessary for us to reach defendants' remaining arguments on appeal. Concur—Carro, J. P., Asch, Kassal, Smith and Rubin, JJ.