■ HENRY S. BEHR et al., Appellants, v KARIN L. WEBER et al., Respondents.—Order, Supreme Court, New York County (William Davis, J.), entered February 23, 1990, which granted

defendants' motion for summary judgment dismissing the amended verified complaint and which denied plaintiffs' cross-motion for summary judgment, unanimously affirmed, without costs.

Judgment of the same court and Justice, entered March 16, 1990, in favor of the defendants and against the plaintiffs, dismissing the amended verified complaint, with prejudice, unanimously affirmed, without costs.

Plaintiffs, Henry S. Behr, Inc., a Long Island juvenile furniture company which extensively advertises its slogan "We Deliver When You Deliver", and Henry S. Behr, the sole shareholder thereof, commenced the underlying defamation action against defendant Karin Weber, a Long Island housewife and consumer activist who had picketed plaintiffs' store and who appeared as one of several guests on the syndicated talk-show "Donahue" discussing the topic of consumer advocacy. Also named as defendants were Phil Donahue, a prominent television journalist and host of the program, six of his staff employees, including executive producer Patricia McMillen, five additional producers, Multimedia, Inc. and its wholly-owned corporate subsidiary Multimedia Entertainment, Inc., which owns, produces and syndicates Donahue, and the National Broadcasting Company which broadcasts Donahue in New York ("the Media Defendants").

Plaintiffs' amended complaint alleged that defendant Weber defamed the plaintiffs by displaying a picket sign in front of their store and on the Donahue program that read "Behr's Does not Deliver", parodying plaintiffs' advertising slogan, "We Deliver When You Deliver", and by complaining about the plaintiffs' poor service and incomplete delivery of a furniture order. These alleged statements were purportedly published on the Donahue program, in correspondence to the Better Business Bureau and the Suffolk County Department of Consumer Affairs, and to a consumer columnist at Newsday. The amended complaint also alleged that the Media defendants defamed plaintiffs in broadcasting, producing and distributing the specific broadcast of Donahue on which defendant Weber appeared.

Upon examination of the record, we find that the IAS court properly granted defendants' motion for summary judgment dismissing the complaint.

Although the United States Supreme Court in *Milkovich v Lorain Journal Co.* (497 US —, 110 S Ct 2695), has held that there exists no separate constitutional protection or exemp-

tion for statements of opinion relating to matters of public concern, nevertheless, the New York Court of Appeals, in *Immuno AG. v Moor-Jankowski* (77 NY2d 235, 243), has held that in this respect, as a matter of state law, "[t]he key inquiry is whether the challenged expression, however labeled by defendant, would reasonably appear to state or imply assertions of objective fact." Moreover, "[i]n determining whether speech is actionable, courts must additionally consider the impression created by the words used as well as the general tenor of the expression, from the point of view of the reasonable person" *(Immuno AG. v Moor-Jankowski,* 77 NY2d, *supra,* at 243).

With these considerations in mind, we find that the alleged defamatory statements made by defendant Weber, when considered as a whole and from the viewpoint of a reasonable person, were clearly a personal expression of defendant Weber's disapproval of plaintiffs' furniture delivery services, based upon defendant Weber's own documented efforts to obtain a promised delivery, and were, therefore, not actionable. *(Steinhilber v Alphonse,* 68 NY2d 283, 295.)

Similarly, we find that summary judgment was properly granted in favor of the Media Defendants since the introduction on the specific broadcast made by the program's host, Phil Donahue, made clear that defendant Weber appeared on that televised broadcast to provide her own perspective on consumer advocacy, since defendant Weber clearly stated on the broadcast that she was presenting her personal views as a consumer activist, prefacing her remarks with phrases such as "I think" and "I feel", which indicated that she was stating her personal opinions with respect to the plaintiffs' services, and since the particular syndicated talk-show on which defendant Weber appeared, "Donahue", is widely known as an unrehearsed and unscripted program which generally focuses upon controversial current topics of public interest and debate by presenting invited guests with relevant knowledge and background to share their experiences and observations with members of the studio audience.

Defendant Weber's statements concerning her dissatisfaction with the plaintiffs' services, made in correspondence to the appropriate consumer agencies, were qualifiedly privileged under New York Law as "good faith" communications concerning "subject matter in which the parties to the communication have a corresponding interest" *(Mechta v Mack,* 154 AD2d 440, 441; *Toker v Pollak,* 44 NY2d 211, 219).

Finally, we find that defendant Weber's critical commentary

on the plaintiffs' delivery services did not constitute libel *per se* and that the plaintiffs failed to plead special damages with sufficient particularity to survive defendants' summary judgment motion *(Christopher Lisa Matthew Policano, Inc. v North Am. Precis Syndicate,* 129 AD2d 488, 490).

We have considered the plaintiffs' remaining claims, and find them to be without merit. Concur—Murphy, P. J., Carro, Ellerin, Wallach and Asch, JJ.