(September 30, 1991)

■ ABERNATHY & CLOSTHER, Appellant, v BUFFALO BROADCASTING CO., INC., Doing Business as WIVB-TV (BUFFALO), et al., Respondents.—In an action to recover damages for defamation and product disparagement, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Yachnin, J.), entered November 21, 1989, which granted the defendants' motions for summary judgment dismissing the complaint and denied the plaintiff's cross motion for partial summary judgment dismissing certain affirmative defenses.

Ordered that the order and judgment is affirmed, with one bill of costs.

The plaintiff is a New York corporation in the business of the distribution and sale of various consumer goods through major-media and direct-mail advertising. In early 1985, the plaintiff commenced the marketing, distribution, and sale of stuffed dolls known as "Komfy Kids", which were manufactured in Taiwan. The plaintiff advertised the dolls nationally

in newspapers and magazines at a price of $5 each and, by September 1985, had allegedly sold approximately one million dolls.

In the instant action, the plaintiff seeks compensatory and punitive damages resulting from two allegedly defamatory news broadcasts by the defendants, corporate owners of television stations located in Buffalo (WIVB-TV) and Rochester (WHEC-TV) and their employee reporters. The plaintiff also seeks damages resulting from nationwide republications of the allegedly defamatory reports. The gravamen of the complaint is that the defendants, with the requisite degree of actual malice, falsely reported that the dolls were contaminated with kerosene and other chemicals making them unsafe for children.

The first broadcast was aired by the defendant Buffalo Broadcasting Co., Inc. d/b/a WIVB-TV and its "Call-4-Action" reporter Janice Lieberman (hereinafter the Buffalo defendants) on August 19, 1985. The broadcast was prompted by individual consumer/viewer complaints of the dolls' kerosene-like odor. During the course of her investigation of the consumer complaints, Lieberman's summer intern allegedly contacted the plaintiff and was told that the odor was a result of the clothes having been cleaned in kerosene and that this procedure was used because it was a cheaper way to pass safety regulations. During the televised report, Lieberman interviewed two consumers who had made complaints about the kerosene-like odor emanating from the dolls. She also interviewed a local Fire Department Chief who stated that the dolls were flammable. As proof, he set one doll on fire and commented that the smoke was noxious. Lieberman then ad-libbed, among other things, that the dolls' clothing was cleaned in kerosene, which is permissible in Taiwan where they are manufactured, and she further commented that the "Komfy Kids" dolls were like the "phony Cabbage Patch dolls", which, during the previous Christmas season, the New York State Department of Health had found to be contaminated with kerosene posing a health hazard.

The second broadcast was made by the defendant Viacom International, Inc., d/b/a WHEC-TV and its consumer news reporter Toby Gold (hereinafter the Rochester defendants) on October 21, 1985. The broadcast was similarly prompted by local consumer complaints of offensive vapors which, in turn, caused the President of the local Empire State Consumer Protection Association to file a formal complaint with the State Attorney-General. At the Attorney-General's request,

the New York State Department of Health then tested two dolls—one purchased by a consumer and one supplied by the plaintiff. On October 18, 1985, the Health Department issued a report summarizing its findings which was read to Gold over the telephone. The telephoned report was taped. In his broadcast three days later, Gold played portion of the taped statement warning consumers not to allow children to play with any toys smelling of "kerosene or other organics", but edited out the comment: "even though exposure to the quantities of kerosene in the Abernathy & Closther doll does not constitute a health hazard".

In support of its allegations that the broadcasts were false and defamatory, the plaintiff offered a release from the United States Consumer Product Safety Commission dated January 21, 1986, stating in part: "After testing the new samples of Komfy Kid dolls during the past two weeks, the Consumer Product Safety Commission (CPSC) staff continues to believe that the dolls do not present a health hazard".

As a result of the two allegedly defamatory broadcasts and ensuing republications, the plaintiff seeks to recover damages for lost sales of "Komfy Kids" dolls, the cost of doll returns and refunds, and prospective lost profits of future sales of doll products, clothing, and accessories. The plaintiff had initially sought recovery for damages to its reputation and goodwill, but by stipulation dated July 8, 1987, it withdrew those claims. In our view, the Supreme Court properly granted summary judgment in favor of the defendants.

Initially, we note that as a result of the plaintiff's withdrawal of its claim for damages to its own reputation or goodwill, the causes of action asserted in the complaint sound in product disparagement rather than slander or libel. In order to prevail on such a claim, the plaintiff must prove both malice and special damages *(see, Ruder & Finn v Seaboard Serv. Co.,* 52 NY2d 663, 670-671). Additionally, the record establishes that the plaintiff corporation is a "public figure" for purposes of our analysis, requiring it to prove by clear and convincing evidence that the allegedly defamatory statements were made with actual malice *(see, Bose Corp. v Consumers Union of U.S.,* 466 US 485). Unlike "malice" which refers to a showing of ill will, "actual malice" requires a showing that the publisher of an alleged defamatory statement acted with " 'knowledge that it was false or with reckless disregard of whether it was false or not' " *(Masson v New Yorker Mag.,* 501 US —, 111 S Ct 2419, 2429, quoting *New York Times Co. v*

*Sullivan,* 376 US 254, 279-280; *see also, Simmons Ford v Consumers Union,* 516 F Supp 742 [SD NY 1981]).

To establish actual malice, the plaintiff must prove not only that the publication was false, but that the defendants either knew of the falsity or entertained serious doubts as to its truth *(St. Amant v Thompson,* 390 US 727, 731). A reviewing court is required to make an independent examination of the entire record to assess whether the plaintiff has met its burden of establishing actual malice with convincing clarity *(New York Times Co. v Sullivan,* 376 US 254, 285, *supra; Mr. Chow v Ste. Jour Azur,* 759 F2d 219, 230 [2d Cir 1985]).

The record here does not present a triable issue of fact that might support a finding of actual malice with respect to any of the defendants. The possible toxicity and flammability of the dolls, which were then in the hands of millions of children, is undisputably a subject of great public concern warranting public disclosure, and weighs heavily in favor of the public's right to know. The broadcasts in question were prompted by consumer complaints and the reporters conducted separate investigations relying on information provided by sources who had proven reliable in the past. The statement issued by the United States Consumer Product Safety Commission after the original reports were broadcast, does not establish a basis to conclude that the defendants entertained serious doubts as to the accuracy of their reports. A determination of the publisher's knowledge of the accuracy of the broadcast must be assessed by reviewing the information available at the time when the publication was made *(see, Simmons Ford v Consumers Union,* 516 F Supp 742, 748, *supra).*

Accordingly, because the plaintiff has not shown with convincing clarity that the Buffalo or Rochester defendants entertained any serious doubts as to the veracity of their reports, no triable issue of actual malice was raised and the court properly dismissed the complaint *(see, Immuno AG. v Moor-Jankowski,* 74 NY2d 548, 561; *Trials W. v Wolff,* 32 NY2d 207, 221).

In light of our determination on this issue, we need not address the parties' remaining contentions. Kooper, J. P., Harwood, Rosenblatt and Ritter, JJ., concur.