■ STEVEN KAPLANSKY, Respondent, v ROCKAWAY PRESS, INC., et al., Appellants, et al., Defendant. [610 NYS2d 581] —In an action to recover damages for libel, the defendants Rockaway Press, Inc., John Baxter d/b/a The Rockaway Press, and John Baxter appeal from (1) so much of an order of the Supreme Court, Queens County (Di Tucci, J.), dated January 13, 1992, as denied the branch of the appellants' motion which was to set aside the jury verdict in favor of the plaintiff on the third, fifth, sixth, seventh, and eighth causes of action, and to set aside the award of punitive damages against them, and (2) so much of a judgment of the same court dated January 15, 1992, as was in favor of the plaintiff and against them in the principal sum of $2,100,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, the order is vacated, the jury verdict is set aside, and the complaint is dismissed in its entirety; and it is further,

Ordered that the appellants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

This action to recover damages for libel arises out of certain news articles, an editorial column, and a cartoon published in the defendant newspaper, The Rockaway Press, between May and September 1987. The plaintiff, Steven Kaplansky, was the focus of these items. The Supreme Court ruled that the plaintiff was so well-known in the Rockaways community for his association with the local YM-YWHA as its Executive Director since 1976, and for his other efforts on behalf of the local Queens citizens, that he was a public figure "within the framework of the Rockaways".

The court's ruling meant that the plaintiff had to plead and prove by clear and convincing evidence that the words at issue were substantially false (see, Philadelphia Newspapers v Hepps, 475 US 767, 776; Immuno AG. v Moor-Jankowski, 77 NY2d 235, 245, cert denied 500 US 954; Steinhilber v Alphonse, 68 NY2d 283; Silsdorf v Levine, 59 NY2d 8, cert denied 464 US 831; Rinaldi v Holt, Rinehart & Winston, 42 NY2d 369, 379-380, cert denied 434 US 969). Moreover, the plaintiff could not recover damages for libel unless he also offered clear and convincing proof that the false statements were made with "actual malice" or with a reckless disregard of their falsity (see, New York Times Co. v Sullivan, 376 US 254, 279-280; see also, Harte-Hankes Communications v Connaughton, 491 US 657, 659; Curtis Publ. Co. v Butts, 388 US 130, 162).

This Court's independent review of the record, as required (see, Mahoney v Adirondack Publ. Co., 71 NY2d 31, 39; accord, Bose Corp. v Consumers Union, 466 US 485, 514; Abernathy & Closther v Buffalo Broadcasting Co., 176 AD2d 300, 303), shows that the plaintiff did not satisfy his burden with respect to any of the causes of action challenged on appeal.

In view of this determination, we need not consider the remaining issues. Sullivan, J. P., Joy, Hart and Krausman, JJ., concur.