■ DE MARCO-STONE FUNERAL HOME, INC., Appellant, v WRGB BROADCASTING, INC., et al., Respondents. [610 NYS2d 666] —Mercure, J. Appeal from an order of the Supreme Court (Lynch, J.), entered February 8, 1993 in Schenectady County, which granted defendants' motion for summary judgment dismissing the complaint.

This action arises out of a story broadcast by defendants in December 1990 detailing a burial supervised by plaintiff during which the casket was dropped and cracked open. The persons who lowered the casket into the grave and dropped it were employed by the Catholic Diocese of Albany and not plaintiff. The complaint alleges, among other things, that the story aired by defendants was defamatory because it stated that plaintiff "bungled" the funeral. Following joinder of issue and discovery, defendants moved for summary judgment. Supreme Court granted defendants' motion, finding that plaintiff had not sufficiently identified any items of special damages and, further, that "there is little language, if any, in the broadcast which can be considered defamatory toward [plaintiff]". Plaintiff appeals.

We affirm, but for reasons different than those stated by Supreme Court. Plaintiff essentially contests two aspects of the broadcast, (1) the introductory question "What are your last rights if a funeral home bungles a burial?", and (2) statements implying that plaintiff's principal, Michael De Marco, and the funeral helpers seemed to be in a hurry while handling the funeral and that De Marco "treated the event without much feeling". The statements that De Marco seemed to be in a hurry and treated the event without much feeling are not actionable because defendants were merely relaying views expressed by witnesses to the incident and the statements do not imply the possession of undisclosed facts *(see, Duci v Daily Gazette Co.,* 102 AD2d 940; *see also, Immuno, AG. v Moor-Jankowski,* 77 NY2d 235, 243, *cert denied* 500 US 954; *Behr v Weber,* 172 AD2d 441, 443-444, *lv denied* 78 NY2d 861).* Furthermore, even accepting the claim that defendants'

rhetorical question improperly suggested that plaintiff "bungled" the funeral, the fact remains that the utterance does not impugn the creditworthiness or basic integrity of plaintiff but, rather, denigrates the quality of its services. As such, the cause of action sounds in product disparagement rather than defamation, requiring that plaintiff plead and prove malice and special damages (see, Ruder & Finn v Seaboard Sur. Co., 52 NY2d 663, 670-671; Drug Research Corp. v Curtis Publ. Co., 7 NY2d 435, 440; Abernathy & Closther v Buffalo Broadcasting Co., 176 AD2d 300, 302, lv denied 79 NY2d 751; Christopher Lisa Matthew Policano, Inc. v North Am. Precis Syndicate, 129 AD2d 488, 490; Hamlet Dev. Co. v Venitt, 95 AD2d 798, affd 60 NY2d 677). The record here does not present a triable issue of fact as to either requirement.

Defendants' evidentiary showing that it made adequate investigation prior to the broadcast was not controverted, and there is simply no suggestion in the record that defendants proceeded with knowledge of falsity or in reckless disregard as to truth or falsity (see, Charles Atlas, Ltd. v Time-Life Books, 570 F Supp 150, 154). Accordingly, plaintiff cannot establish a question of fact as to whether defendants acted with malice. Plaintiff has also failed to sufficiently identify its claim of special damages. When, as here, the special damage claimed is a loss of customers, there must be evidence of particular persons who ceased to be or refused to become customers (see, Drug Research Corp. v Curtis Publ. Co., supra, at 440-441). Plaintiff offered only general proof of loss of customers and, in fact, conceded that "it is impossible to tell how much business [was] lost". This is not sufficient (see, 2 NY PJI 265-266 [1993 Supp]).

Cardona, P. J., White, Casey and Weiss, JJ., concur. Ordered that the order is affirmed, with costs.