**Paul M. FLEISS, M.D., and Frederick M. Hodges, D. Phil., Plaintiffs–Appellants,**

v.

**Thomas E. WISWELL, M.D., Defendant–Appellee.**

**No. 05–0161–CV.**

United States Court of Appeals, Second Circuit.

Dec. 7, 2005.

David J. Llwewllyn, Law Office of David J. Llewellyn, Conyers, Georgia (John L. Juliano, East Northport, New York, on the brief), for Appellants.

Scott Michael Mishkin, Scott Michael Mishkin PC, Islandia, New York, for Appellee.

PRESENT: WALKER, Chief Judge, WINTER, and JACOBS, Circuit Judges.

### SUMMARY ORDER

Plaintiffs-appellants Paul M. Fleiss, M.D., and Frederick M. Hodges, D. Phil., appeal from the November 15, 2004 judgment of the United States District Court for the Eastern District of of New York (Joanna Seybert, *Judge*) granting the preanswer motion of defendant-appellee Thomas E. Wiswell, M.D., to dismiss the plaintiffs' libel complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court had diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), and this court has jurisdiction pursuant to 28 U.S.C. § 1291. We assume familiarity with the facts and procedural history.

The plaintiffs bring a cause of action under New York law for libel per se, a tort sounding in defamation which, if it applies, requires proof of a false statement of fact. *See Christopher Lisa Matthew Policano, Inc. v. N. Am. Precis Syndicate, Inc.*, 129 A.D.2d 488, 514 N.Y.S.2d 239, 241 (1987). Under New York law, "only statements alleging facts can properly be the subject of a defamation action." *600 West 115th St. Corp. v. Von Gutfeld*, 80 N.Y.2d 130, 139, 589 N.Y.S.2d 825, 603 N.E.2d 930 (1992); *see also Steinhilber v. Alphonse*, 68 N.Y.2d 283, 289, 508 N.Y.S.2d 901, 501 N.E.2d 550 (1986) (recognizing a distinction between pure opinion, which "does not imply that it is based upon undisclosed facts," and mixed opinion, which "implies that it is based upon facts which justify the opinion but are unknown to those reading or hearing it"). The characterization of the communications at issue as fact or opinion poses a question of law for the court. *Gross v. N.Y. Times Co.*, 82 N.Y.2d 146, 153, 603 N.Y.S.2d 813, 623 N.E.2d 1163 (1993). Moreover, liability lies only when the statement of fact is defamatory. *Policano*, 514 N.Y.S.2d at 241.

Upon our review of "the content of the whole communication, its tone and apparent purpose," *Immuno AG. v. Moor–Jankowski*, 77 N.Y.2d 235, 250, 566 N.Y.S.2d 906, 567 N.E.2d 1270 (1991), as well as the three factors laid out by the New York

Court of Appeals in *Gross,* 82 N.Y.2d at 153, 603 N.Y.S.2d 813, 623 N.E.2d 1163, we find that none of the statements in Wiswell's Amazon.com review could constitute actionable defamatory statements of fact. The appeal is therefore DISMISSED and the district court's judgment is AFFIRMED.