■ KENNETH W. EASTWOOD, Respondent-Appellant, v FRANCIS E. HOEFER, Appellant-Respondent, et al., Defendant. [24 NYS3d 391]—

In an action, inter alia, to recover damages for defamation, the defendant Francis E. Hoefer appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated September 9, 2013, as denied that branch of his motion which was pursuant to CPLR 4404 (a) to set aside so much of a jury verdict as was in favor of the plaintiff and against him on so much of the complaint as alleged that he made statements published on a website that the plaintiff "use[d] . . . his position to acquire enhanced grades for his daughter" and for judgment as a matter of law dismissing that portion of the complaint, and the plaintiff cross-appeals, as limited by his brief, from stated portions of the same order.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff formerly served as the Superintendent of the Oswego City School District, and the defendant Francis E. Hoefer (hereinafter the defendant) was a member of the Board of Education of that school district. In July 2004, the plaintiff became the Superintendent of the Middletown City School District. The plaintiff commenced this action, inter alia, to recover damages for defamation based on, among other things, three statements made by the defendant which were published on a website in March 2010. As relevant here, the first alleged

defamatory statement made by the defendant was that "[i]t wasn't until [the plaintiff] packed his bags for Middletown that the Oswego School District discovered that our reserve accounts had been depleted" (hereinafter the first statement). The second allegedly defamatory statement made by the defendant was that there had been "allegations of [the plaintiff's] abuse of a young honor student and [a] subsequent cover up" (hereinafter the second statement). The third allegedly defamatory statement made by the defendant was that the plaintiff "use[d] . . . his position to acquire enhanced grades for his daughter" (hereinafter the third statement).

Following a jury trial, the jury returned a verdict in favor of the plaintiff and against the defendant, finding that all three of the statements were defamatory and that the defendant published the statements with actual malice. Thereafter, the defendant moved, inter alia, pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law. The Supreme Court, among other things, granted those branches of the defendant's motion which were pursuant to CPLR 4404 (a) to set aside so much of the verdict as was in favor of the plaintiff and against him as related to the first and second statements. The court denied that branch of the defendant's motion which was pursuant to CPLR 4404 (a) to set aside so much of the verdict as was in favor of the plaintiff and against him as related to the third statement. The defendant appeals and the plaintiff cross-appeals from stated portions of the order.

The plaintiff does not dispute that he is a public figure and, thus, this case is governed by the rule of *New York Times Co. v Sullivan* (376 US 254 [1964]), which interpreted the First Amendment to the United States Constitution as embodying "the principle that debate on public issues should be uninhibited, robust, and wide-open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials" (*id.* at 270; *see Shulman v Hunderfund*, 12 NY3d 143, 147 [2009]). The Constitution, as interpreted in the *New York Times* case, bars the plaintiff "from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not" (*New York Times Co. v Sullivan*, 376 US at 279-280; *see Shulman v Hunderfund*, 12 NY3d at 147; *Mahoney v Adirondack Publ. Co.*, 71 NY2d 31, 35-36 [1987]). Actual malice must be proved by "clear and convincing evidence" (*Bose Corp. v Consumers Union of United States, Inc.*, 466 US 485, 511 n 30 [1984]; *see*

*Shulman v Hunderfund*, 12 NY3d at 147). The Court of Appeals has recognized that "[t]he usual deference paid by courts to jury verdicts is inapplicable in cases subject to the *New York Times Co. v Sullivan* rule" (*Shulman v Hunderfund*, 12 NY3d at 147). "[T]he appellate court must make a de novo review of the entire record, and determine whether the proof before the trial court supports the finding of actual malice with convincing clarity" (*Sweeney v Prisoners' Legal Servs. of N.Y.*, 84 NY2d 786, 793 [1995]; *see Bose Corp. v Consumers Union of United States, Inc.*, 466 US at 511; *Shulman v Hunderfund*, 12 NY3d at 148; *Prozeralik v Capital Cities Communications*, 82 NY2d 466, 474-475 [1993]).

Here, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 4404 (a) to set aside so much of the verdict as was in favor of the plaintiff and against him as related to the third statement. Contrary to the defendant's contention, the record demonstrates, by clear and convincing evidence, that the third statement was made with actual malice (*see Prozeralik v Capital Cities Communications*, 82 NY2d at 475-476; *cf. Shulman v Hunderfund*, 12 NY3d at 148; *Sweeney v Prisoners' Legal Servs. of N.Y.*, 84 NY2d at 793-794). The defendant's remaining contention, raised for the first time on appeal, is not properly before this Court. Accordingly, we affirm the order insofar as appealed from.

On the cross appeal, the plaintiff contends, inter alia, that the Supreme Court erred in granting those branches of the defendant's motion which were pursuant to CPLR 4404 (a) to set aside so much of the verdict as was in favor of the plaintiff and against the defendant as related to the first and second statements and for judgment as a matter of law dismissing so much of the complaint as related to those two statements. Upon our independent review of the record (*see Sweeney v Prisoners' Legal Servs. of N.Y.*, 84 NY2d at 793), we conclude that the evidence does not establish, with "convincing clarity," that the defendant published these statements with actual malice (*Shulman v Hunderfund*, 12 NY3d at 148 [internal quotation marks omitted]; *see Sweeney v Prisoners' Legal Servs. of N.Y.*, 84 NY2d at 793-794; *see also Doran v Cohalan*, 243 AD2d 602 [1997]; *Kaplansky v Rockaway Press*, 203 AD2d 425, 426 [1994]; *cf. Prozeralik v Capital Cities Communications*, 82 NY2d at 475-476). Accordingly, the Supreme Court properly granted those branches of the defendant's motion which were pursuant to CPLR 4404 (a) to set aside so much of the verdict as was in favor of the plaintiff and against the defendant as related to

the first and second statements. The plaintiff's remaining contentions either are without merit or have been rendered academic by our determination. Accordingly, we affirm the order insofar as cross-appealed from. Eng, P.J., Mastro, Cohen and Miller, JJ., concur.